UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND LLC** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 13-6216** |
| **M/V CHEMBULK WESTPORT, ET AL** | * | **SECTION "A" (4)** |
| *  *  *  *  *  *  *  * | * | **JUDGE ZAINEY** <br> **MAG. ROBY** |

### ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT AND THIRD-PARTY DEMAND OF MI-DAS LINE S.A.

**NOW INTO COURT**, through undersigned counsel, comes Mi-Das Line S.A. ("Mi-Das Line"), appearing *in personam* and, pursuant to Rule C(6)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rule" or "Supplemental Rules"), on behalf of the M/T CHEMBULK WESTPORT, *in rem*, to Answer the Complaint of Marquette Transportation Company Gulf-Inland, LLC ("Marquette") and, pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, to assert a Third-Party Demand against M/V CAPTAIN PETE, *in rem*, and Weeks Marine, Inc., respectfully representing on information and belief:

## FIRST DEFENSE

Marquette's Complaint fails to state a claim against Mi-Das Line, *in personam*, or the M/T CHEMBULK WESTPORT, *in rem*, upon which relief can be granted.

## SECOND DEFENSE

Marquette's arrest of the M/T CHEMBULK WESTPORT, *in rem*, pursuant to Supplemental Rule C was improper and should be vacated.

## THIRD DEFENSE

And now, answering the specific allegations of Marquette's Complaint, Mi-Das Line:

Admits Article 1;

Denies Article 2 for lack of sufficient information to justify a belief in the truth thereof;

Denies Article 3, except it admits that M/T CHEMBULK WESTPORT is a foreign flag vessel;

Denies Article 4, except it admits Mi-Das Line is a foreign company and was the owner of the M/T CHEMBULK WESTPORT in October 2013.

Denies Article 5;

Denies Article 6, except it admits MTM Ship Management Pte. Ltd. was the technical operator of the M/T CHEMBULK WESTPORT in October 2013;

Denies Article 7, except it admits the M/T CHEMBULK WESTPORT was underway and navigating downbound in the Mississippi River on 22 October 2013 and, at approximately 0930, was transiting the New Orleans harbor; and

Denies Articles 8, 9, 10, 11, 12 and 13.

## FOURTH DEFENSE

Further answering, Mi-Das Line alleges that if Marquette sustained any damages in the manner alleged in the Complaint, which is specifically denied, then the incident complained of and any associated damages were solely caused or contributed to by Marquette's own negligence, fault, and/or lack of due care, and/or the unseaworthiness of its vessel, the KRISTIN ALEXIS, and/or the negligence, fault or lack of due care of the KRISTIN ALEXIS' crew and/or management.  Mi-Das Line specifically pleads the defense of comparative negligence.

## FIFTH DEFENSE

Mi-Das Line alleges that at no time was it or the M/T CHEMBULK WESTPORT in any way negligent or at fault in causing the incident involving the KRISTIN ALEXIS on 22 October 2013 and, if any party was negligent or at fault in causing this incident and Marquette's alleged damages, it was a party for whom Mi-Das Line and the M/T CHEMBULK WESTPORT are not responsible.

## SIXTH DEFENSE

Mi-Das Line contends that Marquette did not take the proper steps to make the KRISTIN ALEXIS in all respects seaworthy and failed to comply with applicable safety rules.

## SEVENTH DEFENSE

Mi-Das Line further contends that Marquette failed to mitigate its alleged damages and Marquette is placed on the full proof of the fairness and reasonableness of the steps, if any, taken to minimize its alleged damages, if any.

## THIRD-PARTY DEMAND AND 14(c) TENDER

**AND NOW**, assuming the status of Third-Party Plaintiff, Mi-Das Line, *in personam*, and as the party asserting its ownership interest in the M/T CHEMBULK WESTPORT, *in rem*, under Supplemental Rule C(6)(a)(i), avers as follows:

**1.**

This is an admiralty or maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rule C, and jurisdiction is based on 28 U.S.C §1333.

**2.**

Pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, Third-Party Plaintiff asserts this claim for remedy over, indemnity, contribution, or otherwise against the M/V CAPTAIN PETE, *in rem*, and Weeks Marine, Inc. ("Weeks Marine"), *in*

*personam*, on account of the same transaction, occurrence or series of transactions or occurrence set forth in Marquette's Complaint.

**3.**

Third-party defendant Weeks Marine is a foreign corporation with its principal place of business in the State of New Jersey and is the owner and/or operator of the M/V CAPTAIN PETE.

**4.**

The M/V CAPTAIN PETE is a United States documented vessel, measuring 42 feet in length, 13.1 feet in breadth and 6.5 feet in depth with gross tonnage of 24 tons, and it is engaged in maritime commerce in United States waters.

**5.**

Marquette filed suit against Mi-Das Line, the M/T CHEMBULK WESTPORT, *in rem*, and others to recover damages purportedly sustained to Marquette and its vessel, the KRISTIN ALEXIS, on 22 October 2013, alleging that the M/T CHEMBULK WESTPORT was downbound in the Mississippi River, and that when it passed the area where the KRISTIN ALEXIS was operating in the New Orleans harbor, the M/T CHEMBULK WESTPORT's wave wash or wake allegedly flooded the KRISTIN ALEXIS and caused her to capsize and sink.

**6.**

The capsizing and sinking of the KRISTIN ALEXIS on 22 October 2013 was not caused or contributed to by any fault, negligence, unseaworthiness or lack of due care on the part of Mi-Das or the M/T CHEMBULK WESTPORT, *in rem*, or any person for whom Mi-Das or the M/T CHEMBULK WESTPORT, *in rem*, might be responsible. Mi-Das Line and the M/V CHEMBULK WESTPORT, *in rem*, deny any and all liability to Marquette in the main demand.

**7.**

Mi-Das Line avers that if the KRISTIN ALEXIS was wave washed or affected by the wake of any passing vessel on 22 October 2013 and sustained the damages as alleged by Marquette, those damages were not caused or contributed to by any negligence or fault on the part of Mi-Das Line, or by any improper navigation or control of the M/T CHEMBULK WESTPORT, *in rem*, or any unseaworthiness of the M/T CHEMBULK WESTPORT, *in rem*, but, on the contrary, were caused by the negligence, unseaworthiness, want of due care or other legal fault of Weeks Marine and its employees and/or the improper navigation, control and unseaworthiness of the M/V CAPTAIN PETE while operating in the Mississippi River in the New Orleans harbor on the morning of 22 October 2013 in a number of respects, which will be shown at the trial of this case. Among other things, the M/V CAPTAIN PETE proceeded at a very high rate of speed between the downbound M/T CHEMBULK WESTPORT and the KRISTIN

ALEXIS, which vessel was operating on the river's east bank near the Louisiana Avenue Wharf, and close to the KRISTIN ALEXIS, immediately before the KRISTIN ALEXIS was allegedly affected by wave wash or wake on the morning of 22 October 2013. Therefore, if any wave wash or wake from a passing vessel affected the KRISTIN ALEXIS, it was the wave wash or wake from the M/V CAPTAIN PETE.

**8.**

While denying liability to Marquette, Mi-Das Line avers that in the event it and/or the M/T CHEMBULK WESTPORT, *in rem*, are held responsible to Marquette, Mid-Das Line is entitled to full and complete indemnity by third-party defendants Weeks Marine and the M/V CAPTAIN PETE, *in rem*, against Marquette's claims, including all court costs, expenses and reasonable attorneys' fees.

**9.**

In the further alternative, Mi-Das Line alleges that the negligence and fault of Weeks Marine and the M/V CAPTAIN PETE, *in rem*, constitute a superseding and/or contributory proximate cause of the aforesaid incident and, accordingly, Mi-Das Line is entitled to contribution or apportionment of damages commensurate with the degree of responsibility of the various contributing parties.

**10.**

In accordance with Rule 14(c) of the Federal Rules of Civil Procedure, Mi-Das Line tenders third-party defendants Weeks Marine and the M/V CAPTAIN PETE, *in*

*rem*, to Marquette as direct defendants so that after due proceedings, there be judgment in favor of the original plaintiff, Marquette, against Weeks Marine and M/V CAPTAIN PETE, *in rem*, for all damage caused by Weeks Marine's and/or the M/V CAPTAIN PETE's negligence, unseaworthiness and/or legal fault resulting in the 22 October 2013 incident involving the KRISTIN ALEXIS, as if Marquette had directly sued both Weeks Marine and the M/V CAPTAIN PETE.

**11.**

Under United States General Maritime Law, Marquette has a maritime lien on the M/V CAPTAIN PETE, *in rem*, for all damages Marquette and the KRISTIN ALEXIS sustained as a result of the M/V CAPTAIN PETE's negligent navigation, unseaworthiness and/or legal fault on 22 October 2013.

**12.**

Upon information and belief, the M/V CAPTAIN PETE is presently, or will during the pendency of this action be, on the navigable waters of the United States within the jurisdiction of this Honorable Court, and is subject to arrest pursuant to Supplemental Rule C to enforce Marquette's maritime lien on the vessel.

**13.**

All and singular, the foregoing is true and correct and within the admiralty and maritime jurisdiction of this Honorable Court.

**WHEREFORE**, Defendant/Third-Party plaintiff, Mi-Das Line S.A., prays:

1. That the Answer of Mi-Das Line S.A. *in personam*, and on behalf of the M/T CHEMBULK WESTPORT, *in rem*, to Marquette's Complaint be deemed good and sufficient;

2. That after due proceedings, Marquette's suit against Mi-Das Line S.A. and the M/T CHEMBULK WESTPORT, *in rem*, be dismissed, with prejudice, at Marquette's cost, and that the arrest of the M/T CHEMBULK WESTPORT, *in rem*, be vacated and the security Mi-Das Line S.A. posted for that vessel's release be returned to Mi-Das Line S.A. and/or its designee;

3. That in accordance with Rule 14(c) of the Federal Rules of Civil Procedure, process issue against Weeks Marine, Inc. and the M/V CAPTAIN PETE, *in rem*, requiring an Answer to Marquette's Complaint and this Third-Party Demand within the delays provided by law;

4. That after due proceedings, there be judgment herein, in Mi-Das Line S.A.'s favor and against Weeks Marine, Inc. and the M/V CAPTAIN PETE, *in rem*, for full indemnity, contribution and recovery over of any sums for which Mi-Das Line S.A. and/or the M/T CHEMBULK WESTPORT, *in rem*, are liable to Marquette, plus attorney's fees, expenses, costs and interest;

5.   That there be judgment on the 14(c) demand in favor of Marquette directly against Weeks Marine, Inc. and the M/V CAPTAIN PETE, *in rem*, on Marquette's main demand, as if Marquette had sued Weeks Marine, Inc. and the M/V CAPTAIN PETE, *in rem*, directly; and

6.   For all further relief to which it is entitled.

>   Respectfully submitted
>
>   MURPHY, ROGERS, SLOSS & GAMBEL
>
>   /s/ *Robert H. Murphy*
>   _____
>   Robert H. Murphy (#9850)
>   rmurphy@mrsnola.com
>   Timothy D. DePaula (#31699)
>   tdepaula@mrsnola.com
>   Hansford P. Wogan (#34825)
>   fwogan@mrsnola.com
>   701 Poydras Street
>   400 One Shell Square
>   New Orleans, LA   70139
>   Telephone:  (504) 523-0400
>   Facsimile:  (504) 523-5574
>   Attorneys for Defendant, Mi-Das Line S.A.,
>   appearing *in personam* and on behalf of
>   the M/T CHEMBULK WESTPORT, *in rem*

**PLEASE SERVE:**
Week Marine, Inc.
Through its Agent for Service
Mr. Stephen Chatry
304 Gaille Drive
Covington, LA  70433

**PLEASE WITHHOLD SERVICE:**
M/V CAPTAIN PETE

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that 23 December 2013, a copy of the foregoing pleading was sent to all counsel of record, either by operation of the Court's CM/ECF system, by hand, by e-mail, by telefax or by placing same in the United States mail, properly addressed, and first class postage prepaid.

             /s/ *Robert H. Murphy*
             _____

300/4672