| | |
|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, L.L.C.**<br><br>**VERSUS**<br><br>**M/V CHEMBULK WESTPORT,** *et al.* | **CIVIL ACTION**<br><br>**NO. 2:13-cv-06216-JCZ-KWR**<br><br>**SECTION "A" (4)**<br><br>**JUDGE ZAINEY**<br><br>**MAGISTRATE JUDGE ROBY** |

**THIRD-PARTY DEFENDANT WEEKS MARINE, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO THIRD-PARTY
PLAINTIFF MI-DAS LINE, S.A.'S THIRD-PARTY DEMAND AND 14(c) TENDER**

**NOW INTO COURT**, through undersigned counsel, comes Third-Party Defendant Weeks Marine, Inc., who for its *Answer and Affirmative Defenses to Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender*, avers upon information and belief as follows:

1.

The allegations of fact contained in paragraph 1 of *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender* are admitted.

2.

The allegations of fact contained in paragraph 2 of *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender* are denied.

3.

The allegations of fact contained in paragraph 3 of *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender* are admitted.

4.

The allegations of fact contained in paragraph 4 of *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender* are admitted.

1

5.

The allegations of fact contained in paragraph 5 of *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender* are admitted.

6.

The allegations of fact contained in paragraph 6 of *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender* are denied for lack of knowledge or information sufficient to justify a belief therein.

7.

The allegations of fact contained in paragraph 7 of *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender* are denied.

8.

The allegations of fact contained in paragraph 8 of *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender* are denied.

9.

The allegations of fact contained in paragraph 9 of *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender* are denied.

10.

The allegations of fact contained in paragraph 10 of *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender* are denied.

11.

The allegations of fact contained in paragraph 11 of *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender* are denied.

12.

The allegations of fact contained in paragraph 12 of *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender* are denied for lack of knowledge or information sufficient to justify a belief therein.

13.

The allegations of fact contained in paragraph 13 of *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender* are denied for lack of knowledge or information sufficient to justify a belief therein.

14.

Any and all allegations of fact contained in the prayer for relief and any non-numbered paragraphs of Plaintiff's *Petition for Damages* are denied.

## FIRST AFFIRMATIVE DEFENSE

*Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender* fails to state a claim or cause of action against Third-Party Defendant Weeks Marine, Inc. upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Third-Party Defendant Weeks Marine, Inc. affirmatively shows that Third-Party Plaintiff Mi-Das Line, S.A.'s alleged damages were caused by Third-Party Plaintiff Mi-Das Line, S.A.'s sole fault and/or negligence and/or inattention and/or omissions, and Third-Party Plaintiff Mi-Das Line, S.A.'s comparative negligence is specifically pled as a complete and total bar to, or in diminution of, any recovery by Third-Party Plaintiff Mi-Das Line, S.A. in this action. It is specifically denied that Third-Party Defendant Weeks

Marine, Inc. was negligent in any way, or in any way caused and/or contributed to any damages allegedly sustained by any party in this action.

### THIRD AFFIRMATIVE DEFENSE

Third-Party Defendant Weeks Marine, Inc. affirmatively shows that Plaintiff Marquette Transportation Company Gulf-Inland, L.L.C. and Third-Party Plaintiff Mi-Das Line, S.A. sustained no damages as a result of any breach of any contractual or legal duty owed to Plaintiff Marquette Transportation Company Gulf-Inland, L.L.C. and/or Third-Party Plaintiff Mi-Das Line, S.A., by Third-Party Defendant Weeks Marine, Inc., for which they may recover any amounts whatsoever therefor.

### FOURTH AFFIRMATIVE DEFENSE

Third-Party Defendant Weeks Marine, Inc. affirmatively shows that the M/V CAPTAIN PETE, and all of its appurtenances, were at all times tight, staunch, seaworthy, and well-equipped, with an adequate and competent crew, and reasonably fit for their intended purposes.

### FIFTH AFFIRMATIVE DEFENSE

Third-Party Defendant Weeks Marine, Inc. affirmatively shows that the incident alleged by Plaintiff Marquette Transportation Company Gulf-Inland, L.L.C. and Third-Party Plaintiff Mi-Das Line, S.A. to have occurred on or about October 22, 2013, and any damages alleged by Plaintiff Marquette Transportation Company Gulf-Inland, L.L.C. and Third-Party Plaintiff Mi-Das Line, S.A. as a result therefrom, were caused by the fault and/or negligence and/or inattention and/or omissions of third party(ies) for whom Third-Party Defendant Weeks Marine, Inc. is not liable.

## SIXTH AFFIRMATIVE DEFENSE

**LIMITATION OF LIABILITY:**

There is no liability whatsoever on the part of Third-Party Defendant Weeks Marine, Inc. and/or the M/V CAPTAIN PETE by reason of the matters alleged in Plaintiff Marquette Transportation Company Gulf-Inland, L.L.C.'s *Verified Complaint*, and *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender*.  However, in the event that it is held that there is liability on the part of Third-Party Defendant Weeks Marine, Inc. and/or the M/V CAPTAIN PETE, which is expressly denied, then Third-Party Defendant Weeks Marine, Inc. pleads and alleges the following:

    a.    The occurrence referred to in Plaintiff Marquette Transportation Company Gulf-Inland, L.L.C.'s *Verified Complaint*, and *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender*, was caused without the privity and/or knowledge of Third-Party Defendant Weeks Marine, Inc.;

    b.    The amount of damages could possibly exceed the amount or value of Third-Party Defendant Weeks Marine, Inc.'s interest, if any, in the M/V CAPTAIN PETE; and

    c.    By reason thereof, Third-Party Defendant Weeks Marine, Inc. invokes the benefits of the Revised Statutes of the United States, specifically 46 U.S.C. §§ 30501 *et seq.*, and Rule F of the Supplementary Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and the Acts amendatory thereto and supplementary thereof, in limitation of the liability of shipowners, under which provisions should there be any liability whatsoever on the part of Third-Party Defendant Weeks Marine, Inc., by and/or for any reason of the matters, individually or collectively, set forth in Plaintiff Marquette Transportation Company Gulf-Inland, L.L.C.'s *Verified Complaint*, and *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender*, that neither Plaintiff Marquette Transportation Company Gulf-Inland, L.L.C, nor Third-Party Plaintiff Mi-Das Line, S.A., nor any other party, are entitled to recover damages in a sum in excess of the amount of Third-Party Defendant Weeks Marine, Inc.'s interest in the M/V CAPTAIN PETE.

**WHEREFORE,** Third-Party Defendant Weeks Marine, Inc. prays that its *Answer and Affirmative Defenses* be deemed good and sufficient, and that after due proceedings are had, that there be judgment in favor of Third-Party Defendant Weeks Marine, Inc., dismissing Plaintiff Marquette Transportation Company Gulf-Inland, L.L.C.'s *Verified Complaint*, and *Third-Party Plaintiff Mi-Das Line, S.A.'s Third-Party Demand and 14(c) Tender*, with prejudice and at their cost, and for all other legal, equitable, and general relief to which Third-Party Defendant Weeks Marine, Inc. may be entitled.

Respectfully submitted on January 27, 2014.

                              WAITS, EMMETT, POPP & TEICH, L.L.C.

                              s/Matthew F. Popp
                              MATTHEW F. POPP  (24608)
                              RANDOLPH J. WAITS  (13157)
                              JOHN F. EMMETT  (1861)
                              JORDAN N. TEICH  (32254)
                              MARK A. HILL  (33891)
                              1515 Poydras Street, Suite 1950
                              New Orleans, Louisiana  70112
                              Telephone:   (504) 581-1301
                              Facsimile:   (504) 585-1796
                              Email:       mpopp@wep-law.com

## CERTIFICATE OF SERVICE

I hereby certify that to the best of my knowledge all counsel of record consent to and participate in receiving electronic notification from the CM/ECF system, and that the Clerk of the Court for the Eastern District of Louisiana, using the CM/ECF system, will electronically send notification of the filing of this pleading to all counsel of record.

                              s/Matthew F. Popp