UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, L.L.C. | * * * * | CIVIL ACTION<br><br>NO. 13-06216 |
| versus | * * * | SECTION "A"<br>(Judge Zainey) |
| M/V CHEMBULK WESTPORT, her engines, tackle, apparel, bunkers, etc., *in rem*; MI-DAS LINE, SA; M.T.M. SHIP MANAGEMENT PTE LTD; and CHEMBULK MANAGEMENT, LLC | * * * * * * | MAG. (4)<br>(Mag. Judge Roby) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT IN INTERVENTION**

NOW INTO COURT, through undersigned counsel, comes intervenor, Water Quality Insurance Syndicate (hereinafter "WQIS"), and pursuant to Rule 24 of the Federal Rules of Civil Procedure, intervenes in this action to assert claims against M/T CHEMBULK WESTPORT, *in rem*, and Mi-Das Line S.A., M.T.M. Ship Management Pte Ltd. and Chembulk Management, LLC, *in personam*, and respectfully avers upon information and belief as follows:

1.

At all material times, Intervenor, WQIS, was and is now a syndicate of marine insurers organized and existing under the laws of the State of New York, with its principal place of business in New York, New York, and was the pollution insurer of Marquette Transportation Company Gulf-Inland, LLC ("Marquette") pursuant to pollution indemnity policy No. 46-21955 issued by WQIS to Marquette covering the period March 1, 2013 to March 1, 2014 (the "Policy"). Marquette's

towing vessel the M/V KRISTIN ALEXIS is a scheduled vessel on the Policy.  A copy of the Policy is attached as **Exhibit "A"**.

2.

Defendant M/T CHEMBULK WESTPORT, *in rem*, is a foreign flagged ocean going vessel which at all relevant times was engaged in maritime commerce in navigable waters of the United States, and is now or will be during the pendency of this matter within this district and the jurisdiction of this Honorable Court.

3.

Defendant Mi-Das Line S.A. was and still is a corporation or other legal entity existing pursuant to the laws of a foreign country and was at all  times relevant, the owner and/or operator of M/T CHEMBULK WESTPORT.

4.

Defendant M.T.M. Ship Management Pte Ltd. was and still is a corporation or other legal entity existing pursuant to the laws of a foreign country and was at all times relevant, the manager and/or operator of M/T CHEMBULK WESTPORT.

5.

Defendant Chembulk Management, LLC was and still is limited liability company existing under the laws of a state of the United States and was at all times relevant, the manager and/or operator of M/T CHEMBULK WESTPORT.

6.

On or about October 22, 2013, the M/T CHEMBULK WESTPORT was underway, navigating downbound in the Mississippi River.  At approximately 0930, while transiting through the Port of New Orleans harbor near the Louisiana Avenue wharf, the M/T CHEMBULK WESTPORT passed in close proximity to the moored M/V KRISTIN ALEXIS at a high rate of speed.  The wake created by the M/T CHEMBULK WESTPORT flooded the M/V KRISTIN ALEXIS and caused her to capsize.

7.

As a result of the aforedescribed casualty, Marquette was required to and did incur expenses and costs in order to respond to the threat of pollution and clean-up the discharge of diesel fuel, lube oil and other pollutants from the capsized M/V KRISTIN ALEXIS.

8.

Pursuant to the terms, conditions and limitations of the Policy, WQIS became obligated to and did pay Marquette the amount of $62,568.24 for certain expenses and costs associated with Marquette's aforementioned pollution remediation and response as a result of the capsizing of the M/V KRISTIN ALEXIS.  WQIS also incurred surveying and other expenses in the amount of $3,258.86 pertaining to the pollution response.

9.

The capsizing of the M/V KRISTIN ALEXIS was not caused or contributed to by any fault or negligence on the part of Marquette, the M/V KRISTIN ALEXIS and/or her master or crew, but was caused by the unseaworthiness and/or negligence of the M/T CHEMBULK WESTPORT, her

master and crew and/or those responsible for her navigation and/or operation including, but not limited to, defendants Mi-Das Line S.A., M.T.M. Ship Management Pte Ltd. and Chembulk Management, LLC.

10.

The Policy states, in pertinent part, that: "WQIS shall be subrogated to all rights which the Assured may have against any other person, entity or fund, in respect of any payment made under the Policy, to the extent of such payment . . ."  WQIS is thereby contractually subrogated to the rights of its assured, Marquette, and is entitled to bring this action against the defendants for the amounts paid under the Policy.

11.

Intervenor WQIS is also legally subrogated to the rights of its assured, Marquette, and is entitled to bring this action against the defendants.

12.

As a result of the foregoing, WQIS is entitled to a maritime lien on the M/T CHEMBULK WESTPORT in the amount of $62,568.24, plus surveying expenses of $3,258.86, for a total of $65,827.10.

13.

All and singular, the foregoing is true and correct and within the admiralty and maritime jurisdiction of this Honorable Court.

14.

Intervenor, Water Quality Insurance Syndicate, reserves the right to assert additional allegations of negligence and fault during the course of this litigation as more facts become known and available.

WHEREFORE, Water Quality Insurance Syndicate prays that:

1) Defendants M/T CHEMBULK WESTPORT, *in rem*, and Mi-Das Line S.A., M.T.M. Ship Management Pte Ltd. and Chembulk Management, LLC, *in personam*, be served with copies of this Complaint in Intervention, together with summonses to appear and answer under oath all and singular the matters aforesaid;

2) The Court, order, adjudge and decree that M/T CHEMBULK WESTPORT, *in rem*, and Mi-Das Line S.A., M.T.M. Ship Management Pte Ltd. and Chembulk Management, LLC, *in personam*, pay to Water Quality Insurance Syndicate the losses sustained by it, together with interest thereon and its costs and disbursements; and

3) Water Quality Insurance Syndicate has such other and further relief in the premises as in law and justice it may be entitled to receive.

Respectfully submitted,

**MONTGOMERY BARNETT, L.L.P.**

*/s/ Philip S. Brooks, Jr.*
_____
A. GORDON GRANT. JR. (La. Bar No. 6221)
PHILIP S. BROOKS, JR., T.A. (La. Bar No. 21501)
RONALD J. KITTO (La. Bar No. 28638)
3300 Energy Centre
1100 Poydras Street,

        New Orleans, LA 70163
        Telephone: (504) 585-3200
        Facsimile (504) 585-7688
        E-mail: ggrant@monbar.com
           pbrooks@monbar.com
           rkitto@monbar.com

        *Attorneys for Water Quality Insurance Syndicate*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 22nd day of October, 2014, a copy of the above and foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which then sent notification of such filing to counsel of record.

        */s/ Philip S. Brooks, Jr.*
        _____
        A. GORDON GRANT. JR. (La. Bar No. 6221)
        PHILIP S. BROOKS, JR., T.A. (La. Bar No. 21501)
        RONALD J. KITTO (La. Bar No. 28638)
        Montgomery Barnett, L.L.P.
        3300 Energy Centre
        1100 Poydras Street,
        New Orleans, LA 70163
        Telephone: (504) 585-3200
        Facsimile (504) 585-7688
        E-mail: ggrant@monbar.com
           pbrooks@monbar.com
           rkitto@monbar.com

        *Attorneys for Water Quality Insurance Syndicate*