## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC** | **CIVIL ACTION 13-6216** |
| | **C/W NO. 14-2071** |
| **VERSUS** | |
| | **JUDGE ZAINEY** |
| **M/V CHEMBULK WESTPORT, her engines, tackle, apparel, bunkers, etc., in Rem; MI-DIS LINE, S.A., SHIP MANAGEMENT PTE LTD; and CHEMBULK MANAGEMENT, LLC** | **MAGISTRATE JUDGE ROBY** |

### ANSWER TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY AND CLAIMS OF ADAM N. VERDIN, JR. AND SANDRA VERDIN

NOW INTO COURT, through undersigned counsel, come Adam N. Verdin, Jr. and Sandra Verdin, who respectfully file their Answer and Affirmative Defenses to the Verified Complaint for Exoneration from or Limitation of Liability filed by Marquette Transportation Company Gulf-Inland, LLC, as owner and operator of the motor vessel KRISTEN ALEXIS, to wit:

### AFFIRMATIVE DEFENSES

Adam N. Verdin, Jr. and Sandra Verdin specifically assert the following affirmative defenses to the Verified Complaint for Exoneration from or Limitation of Liability filed by Marquette Transportation Company Gulf-Inland, LLC.

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Limitation of Liability Act, 46 USC § 30501, *et seq.*, formerly 46 USC § 181, *et seq.*, is discriminatory in that it favors vessel owners over injured claimants and deprives the above-

named claimants of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRD DEFENSE

The Limitation of Liability Act, 46 USC § 30501, *et seq.*, formerly 46 USC § 181, *et seq.*, is unconstitutional in that it deprives the claimant the right to a trial by jury guaranteed by the Seventh Amendment to the United States Constitution and other applicable laws.

## FOURTH DEFENSE

The accident of October 22, 2013 resulting in the injuries to Adam N. Verdin, Jr. and Sandra Verdin, were caused by the negligence and unseaworthiness of the M/V KRISTIN ALEXIS, owned, operated, and/or controlled by Marquette Transportation Company Gulf-Inland, LLC**.**   The aforesaid unseaworthiness and negligence was within the privity and knowledge of Marquette Transportation Company Gulf-Inland, LLC**,** and accordingly, the verified complaint for exoneration or limitation should be denied by the Court.

## FIFTH DEFENSE

Prior to and upon the date of October 22, 2013, the KRISTIN ALEXIS was unseaworthy and not reasonably fit for the service in which the vessel was engaged in on October 22, 2013 with the privity and knowledge of Marquette Transportation Company Gulf-Inland, LLC and accordingly, the verified complaint for exoneration or limitation should be denied by the Court.

## SIXTH DEFENSE

The capsizing of the KRISTIN ALEXIS and resulting injuries to Adam N. Verdin, Jr. were due in part, to the fault, negligence, unseaworthiness, or lack of due care, inadequate and incompetent crew, improper navigation or negligent control, lack of vessel stability, all of which were within the privity and knowledge of Marquette Transportation Company Gulf-Inland, LLC

and accordingly, the verified complaint for exoneration or limitation should be denied by the Court.

## SEVENTH DEFENSE

Adam N. Verdin, Jr. and Sandra Verdin specifically contest the value attributed to the KRISTIN ALEXIS.

## EIGHTH DEFENSE

The limitation fund is inadequate, and the claim should be dismissed because Marquette Transportation Company Gulf-Inland, LLC, has failed to deposit adequate security as required by law.

## NINTH DEFENSE

It is specifically alleged that Marquette Transportation Company Gulf-Inland, LLC, verified petition does not seek, and cannot by law seek, to limit maintenance and cure rights under general maritime law. Therefore, Adam N. Verdin, Jr. and Sandra Verdin specifically plead that the general law of maintenance and cure is beyond the scope of, and not subject to, the verified complaint for exoneration from or limitation of liability filed by Marquette Transportation Company Gulf-Inland, LLC.

## TENTH DEFENSE

Adam N. Verdin, Jr. and Sandra Verdin reserve all their rights to file their petition for damages for all claims against all persons and parties arising from the sinking of the KRISTIN ALEXIS and injuries to Adam N. Verdin in Louisiana State District Court upon lifting of the stay Order in this matter, pursuant to 28 U.S.C. § 1333, the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law. *Texaco, Inc. v. Williams*, 47 F.3d 765 (5th Cir. 1995); *Beiswenger Enters. Corp. v. Carletta,* 86 F.3d 1032 (11th Cir. 1996); *Ex parte Green*, 286 U.S. 437, 438-40,

52 S.Ct. 602, 602-03, 76 L. Ed. 1212 (1932); *Langnes v. Green,* 282 U.S. 531, 540-01, 51 S.Ct. 243 (1931); *Jefferson Barracks Marine*, 763 F.2d  1007 (8th Cir. 1985); *Newton v. Shipman,* 718 F.2d 959 (9th Cir. 1983); *In re Redstar Bargeline, Inc*., 160 F.2d 436, 437-38 (2d Cir. 1947), 67, S.Ct 1741 (1947); *Inland Dredging v. Sanchez,* 468 F.3d 864, 866-67 (5th Cir. 2006); *Inland Dredging v. Sanchez,* 486 F.3d 864 (5th Cir. 2006).

## ELEVENTH DEFENSE

Adam N. Verdin, Jr. and Sandra Verdin further reserve any and all additional defenses as well as exceptions to the Limitation of Liability Act as more fully developed through further discovery.  Further, petitioners reserve the right to amend these affirmative defenses at a later date if necessary.

## ANSWER TO COMPLAINT FOR
## EXONERATION FROM OR LIMITATION OF LIABILITY

For further answer to the specific allegations of the Verified Complaint of Marquette Transportation Company Gulf-Inland, LLC, for Exoneration from or Limitation of Liability, petitioners Adam N. Verdin, Jr. and Sandra Verdin aver:

1.

The allegations contained in Paragraph 1 do not require a response.

2.

The allegations contained in Paragraph 2 are denied for lack of information upon which to justify a belief.

3.

The allegations contained in Paragraph 3 are denied for lack of information upon which to justify a belief.

4.

The allegations contained in Paragraph 4 are specifically denied.  It is further alleged that Marquette Transportation Company Gulf-Inland, LLC failed to use due diligence to make the motor vessel KRISTIN ALEXIS seaworthy, tight, staunch, and strong in all respects.

5.

The allegations contained in Paragraph 5 are admitted in part, but it is specifically denied that the KRISTIN ALEXIS was moored at the time the M/T CHEMBULK WESTPORT's wake and wave wash flooded the KRISTIN ALEXIS.  The KRISTEN ALEXIS was in operational navigation actively assisting with a heavy lift operation at the time of the occurrence on October 22, 2013.

6.

The allegations contained in Paragraph 6 are denied.  It is further alleged the KRISTIN ALEXIS's unseaworthiness, negligence and fault contributed to its capsizing and sinking and resultant injuries to Adam N. Verdin, Jr. with the knowledge and privity of its owner.

7.

The allegations contained in Paragraph 7 are denied for lack of information upon which to justify a belief.

8.

The allegations contained in Paragraph 8 are denied for lack of information upon which to justify a belief.

9.

The allegations contained in Paragraph 9 are denied.

10.

The allegations contained in Paragraph 10 are specifically denied.  It is further alleged the KRISTIN ALEXIS unseaworthiness, acts of fault, negligence, lack of due care, improper and dangerous method of work and operation, and incompetent crew were specifically within the privity or knowledge of Limitation Plaintiff.

11.

The allegations contained in Paragraph 11 are denied for lack of information upon which to justify a belief.

12.

The allegations contained in Paragraph 12 are denied.

13.

The allegations contained in Paragraph 13 are denied.

14.

The allegations contained in Paragraph 14 are denied for lack of information upon which to justify a belief.

15.

The allegations contained in Paragraph 15 are denied.

16.

The allegations contained in Paragraph 16 are denied.

17.

The allegations contained in Paragraph 17 are denied.

## CLAIM FOR DAMAGES BY CLAIMANTS
## ADAM N. VERDIN, JR. AND SANDRA VERDIN

NOW INTO COURT, come claimants, Adam N. Verdin, Jr. and Sandra Verdin, who further appear as claimants in this proceeding (specifically with reservation of all defenses as

enumerated above) who hereby assert the following claims (under protest and with specific opposition to the Complaint) for negligence, gross negligence and punitive damages and unseaworthiness against defendants Marquette Transportation Company Gulf-Inland, LLC, MI-DAS Line S.A., Chembulk Management, LLC and Weeks Marine, Inc., and for their personal injuries and all damages allowed by law resulting to claimants herein as a result of the accident herein, as follows, to wit:

1.

Made defendants herein are:

A. Marquette Transportation Company Gulf-Inland, LLC is a Delaware limited liability company, having its principle business office in Harahan, LA, which at all relevant times was the owner and/or operator of the M/V KRISTIN ALEXIS, who may be served through their agent for service of process, Cossich, Sumich & Parsiola, LLC, 8397 Highway 23, Belle Chasse, LA 70037.

B. MI-DAS Line S.A. is, upon information and belief, a foreign company which at all relevant times was the owner and/or operator of M/T CHEMBULK WESTPORT, who may be served at Vallarino Building 3rd Floor, 52nd and Elvira Mendez Street, Panama City, Panama.

C. Chembulk Management, LLC is, upon information and belief, a United States limited liability company which at all relevant times was the owner and/or operator of M/T CHEMBULK TRANSPORT, who may be served at 175 Remmell Drive, Southport, Connecticut 06890.

D. Weeks Marine, Inc., is a foreign corporation with its principal place of business in the State of New Jersey which at all relevant times was the owner and/or operator of the M/V CAPTAIN PETE, who may be served through its agent for service of process, Mr. Stephen Chatry, 304 Gaille Drive, Covington, LA 70433.

2.

The defendants, Marquette Transportation Company Gulf-Inland, LLC ("Marquette"), MI-DAS Line S.A., Chembulk Management, LLC and Weeks Marine, Inc., are individually, severally, jointly and solidarily indebted unto the claimants, Adam N. Verdin Jr. and Sandra

Verdin, for all damages as are just and reasonable in the premises, together with legal interest thereon, and all costs, for the following reasons:

3.

At all times material hereto, defendant, Marquette, owned, operated and/or controlled the UTV KRISTIN ALEXIS.

4.

At all times material hereto, defendant, MI-DAS Line S.A., owned, operated and/or controlled the M/T CHEMBULK WESTPORT.

5.

At all times material hereto, defendant, Chembulk Management, LLC, owned, operated and/or controlled the M/T CHEMBULK WESTPORT.

6.

At all times material hereto, defendant, Weeks Marine, Inc., owned, operated and/or controlled the M/V CAPTAIN PETE.

7.

On or about October 22, 2013, the claimant, Adam N. Verdin, Jr., was employed by and working within the course and scope of his employment for his Jones Act (46 U.S.C. § 30104) employer, Marquette, as a member of the crew of the KRISTIN ALEXIS, a vessel within the purview of the Jones Act and General Maritime Law.

8.

On or about October 22, 2013, the claimant, Adam N. Verdin, Jr., was permanently assigned to the KRISTIN ALEXIS, as a Jones Act seaman pursuant to 46 U.S.C. § 30104.

9.

On or about October 22, 2013, the claimant, Adam N. Verdin, Jr., was working as a member of the crew of the KRISTEN ALEXIS, which vessel was afloat, in operational navigation, and actively assisting with a heavy lift operation at mile marker 98.9 on the navigable waters of the Lower Mississippi River.

10.

At all times material hereto, Marquette, owner of the KRISTIN ALEXIS, was actively engaged in and assisting with a heavy lift operation being conducted upon the barge JMC-46 on the Mississippi River's east bank near the Louisiana Avenue Wharf.

11.

In order to assist with the heavy lift operation, the engines of the KRISTIN ALEXIS were engaged and the vessel was being operated by the captain of the vessel while the vessel was faced up to barge JMC-46 pushing ahead at ½ throttle straight rudders.

12.

Prior to October 22, 2013 a new wheelhouse had been added to the KRISTIN ALEXIS by Marquette, which, upon information and belief, altered the stability of the vessel and contributed to the unseaworthiness of the KRISTIN ALEXIS within the direct knowledge and privity of the defendant, Marquette.

13.

At all pertinent times, the KRISTIN ALEXIS watertight doors leading to the engine room were wide open and not properly secured within the direct knowledge and privity of Marquette and the master and crew of the KRISTIN ALEXIS.

14.

At all pertinent times, the KRISTIN ALEXIS watertight doors leading to the engine room remained wide open and unsecured compromising the watertight integrity of the KRISTIN ALEXIS while the vessel captain and crew were operating the KRISTEN ALEXIS assisting with the heavy lift operation.

15.

Marquette and the crew of the KRISTEN ALEXIS failed to communicate to the New Orleans Vessel Traffic Center that it was actively engaged in a heavy lift operation on the morning of October 22, 2013.

16.

At the same time on October 22, 2013, the M/T CHEMBULK WESTPORT was underway, navigating downbound in the lower Mississippi River.  At about 0930 hours, the downbound M/T CHEMBULK WESTPORT, while transiting the New Orleans harbor at an excessive rate of speed under the then current conditions, passed closely to the KRISTIN ALEXIS, causing the M/T CHEMBULK WESTPORT'S wake or wave wash to breach the side of the KRISTIN ALEXIS which caused water to enter into the engine room through the open and unsecured watertight doors leading to the engine room.

17.

Also at the same time on the morning of October 22, 2013, the M/V CAPTAIN PETE proceeded too closely and at an excessive rate of speed under the then prevailing conditions between the down-bound M/T CHEMBULK WESTPORT and the KRISTEN ALEXIS, causing its wake or wave wash to also breach the side of the KRISTIN ALEXIS.

18.

When the M/T CHEMBULK WESTPORT and M/V CAPTAIN PETE's wakes or wave wash breached the side of the KRISTEN ALEXIS – with her watertight doors leading to the engine room wide open and unsecured – the watertight integrity of the vessel was compromised and the vessel immediately began to severely rock and tilt side to side due to excessive amounts of water entering the engine room and the instability and unseaworthiness of the vessel due to the addition of the new wheelhouse.

19.

The master of the KRISTIN ALEXIS sounded the general alarm and ordered the deckhands to release the vessel's head line, whereupon the master attempted to back the vessel down and turn the vessel upriver.

20.

The large wakes and wave wash of both the M/T CHEMBULK WESTPORT and the M/V CAPTAIN PETE continued to pour water over the sides of the KRISTIN ALEXIS and into the open and unsecured engine room doors flooding the KRISTIN ALEXIS engine room, causing a free surface effect and the vessel continued to violently rock from side to side and list to port.

21.

The loss of stability and unseaworthiness of the KRISTIN ALEXIS prevented the vessel from being able to properly right itself until the vessel listed too far to the port side, rolled over, capsized and sank.

22.

Adam N. Verdin, Jr. was located in his sleeping quarters asleep when the general alarm sounded.  As the KRISTIN ALEXIS capsized and sank, the Master and four other crew

members, including the claimant Adam N. Verdin, Jr., were thrown into the cold churning and dangerously swift current and frightening waters of the Mississippi River.

23.

At the time of the incident, October 22, 2013, the KRISTIN ALEXIS was unseaworthy, its master and crew negligent in their want of due care and skill, improper navigation and control, violation of company policies and procedures, and in violation of inland waterway rules, all of which caused and/or contributed to the KRISTEN ALEXIS capsizing.

24.

At all times material hereto, there was in effect an Act of Congress known as the Jones Act, 46 U.S.C. § 30104, which Act is applicable hereto in that the defendant, Marquette, was guilty of acts of negligence, as were other employees of the defendant Marquette and members of the crew of the KRISTIN ALEXIS as specified herein for whom the defendant is responsible.

25.

Pursuant to the General Maritime Law of the United States of America, the defendant, Marquette, had the absolute duty to provide the claimant, Adam N. Verdin, Jr., with a safe and seaworthy vessel, but this duty was breached and violated by the defendant in the particulars herein described since the KRISTIN ALEXIS and its appurtenances, owned and operated by the defendant, Marquette, were unseaworthy and such unseaworthiness was a direct and proximate cause of the accident which caused the severe and debilitating mental and physical injuries to the claimant, Adam N. Verdin, Jr.

26.

Pursuant to the General Maritime Law of the United States of America, the defendants, MI-DAS Line S.A. and Chembulk Management, LLC, the owner and/or operator of the M/T

CHEMBULK WESTPORT, and the defendant, Weeks Marine, Inc., the owner and/or operator of the M/V CAPTAIN PETE, are liable to the complainant, Adam N. Verdin, Jr., for their acts of negligence, and the acts of negligence of their employees, which contributed to the sinking of the KRISTIN ALEXIS, and the claimant's injuries.

27.

Pursuant to the General Maritime Law of the United States of America, the defendants, MI-DAS Line S.A., Chembulk Management, LLC, and Weeks Marine, Inc., had the absolute duty to provide the complainant with a safe and seaworthy vessel, but this duty was breached and violated by the defendants in the particulars herein described since the M/T CHEMBULK WESTPORT and M/V CAPTAIN PETE and its appurtenances, owned and operated by defendant MI-DAS Line S.A., Chembulk Management, LLC, and Weeks Marine, Inc., were unseaworthy and such unseaworthiness was a direct and proximate cause of the accident which caused or contributed to the severe and disabling injuries to claimant, Adam N. Verdin, Jr.

28.

Pursuant to the General Maritime Laws of the United States of America and the Jones Act, 46 U.S.C. § 30104, the defendants, Marquette, and the Master, crew, and agents of the KRISTIN ALEXIS for whom the defendant, Marquette, are responsible for and are liable to the complainant Adam N. Verdin, Jr., for failing to communicate to the New Orleans Vessel Traffic Center that they were actively engaged in heavy lift operations, and these acts of negligence contributed to the sinking of the KRISTIN ALEXIS and Adam N. Verdin, Jr.'s injuries.

29.

The sinking of the KRISTIN ALEXIS caused Adam N. Verdin, Jr.'s injuries as he was sleeping in his room when the vessel took on water, listed violently side to side, tossing an upper

bunk mattress and other objects upon his head, neck, and body knocking him forcefully down before he narrowly escaped his sleeping quarters and the sinking vessel before plunging into the Mississippi River.

30.

The capsizing of the KRISTIN ALEXIS caused Adam N. Verdin, Jr.'s physical and mental injuries, which injuries were proximately caused by the direct and vicarious acts of negligence by and with the direct knowledge and privity of the defendant, Marquette, including but not limited to the actions of their employees and agents, and the unseaworthiness of the KRISTIN ALEXIS, to-wit:

    a. Failing to provide Adam N. Verdin, Jr., with a safe place in which to work;

    b. Failing to properly train and supervise the captain and crew members of the KRISTIN ALEXIS;

    c. Failing to close and secure the watertight doors to the engine room while operating the vessel while assisting in a heavy lift operation;

    d. Failing to communicate to the New Orleans Vessel Traffic Center that the KRISTIN ALEXIS was engaged in heavy lift operations on the morning of October 22, 2013;

    e. Failing to stay in radio contact with the New Orleans Vessel Traffic Center during the operation of the KRISTIN ALEXIS;

    f. Failing to provide Adam N. Verdin, Jr. with a seaworthy vessel;

    g. Negligent planning;

    h. Failing to provide side rails on bunk beds;

    i. Inadequate training of the captain and/or other members of the crew involved in the heavy lift operation;

    j. Failing to keep a proper lookout;

    k. Incompetent and insufficient crew;

l. Improper and dangerous method of work and operation;

m. Failing to generally exercise the degree of care commensurate with the conditions existing at the time;

n. Failing to do what they should have done and see what they should have seen;

o. Violations of "Good Marine Practice" in failing to close and dog watertight doors;

p. Violations of general maritime safe practices and inland waterway rules of navigation and its own company policies and procedures;

p. Adding a new wheelhouse to the KRISTIN ALEXIS which altered the stability of the vessel making said vessel unseaworthy;

q. Failing to train the deckhands to close and secure the watertight engine room doors while the KRISTIN ALEXIS was using ½ ahead throttle and pushing against the barge JMC-46 while actively assisting with the heavy lift operation being conducted;

r. Failing to ensure all watertight doors and hatches were closed while the KRISTIN ALEXIS was working broadside and actively assisting with the heavy lift operation being conducted;

s. Failing to ensure that the engine room doors had been secured by the deckhands during the heavy lift operation being conducted;

t. Failing to maintain and operate the KRISTIN ALEXIS in a manner that protects the safety, health and well being of their crew members;

u. Failing to perform their work in a safe manner;

v. Failing to comply with all applicable U.S. Coast Guard navigation rules and regulations; and

w. Any other acts of the defendant, Marquette, constituting negligence or unseaworthiness of the KRISTIN ALEXIS that may be proven at trial.

31.

The capsizing of the KRISTIN ALEXIS which caused Adam N. Verdin, Jr.'s physical and mental injuries were also proximately caused by the direct and/or contributing vicarious acts

of negligence and violations of general maritime law of the defendants, MI-DAS Line S.A., and

Chembulk Management, LLC, owners and/or operators of the M/T CHEMBULK WESTPORT,

including but not limited to the negligent acts of the defendant's employees or agents, and the

unseaworthiness of M/T CHEMBULK WESTPORT, to-wit:

a.   Traveling at an excessive rate of speed;

b.   Creating and causing a large wake and wave wash which breached the side of KRISTIN ALEXIS without prior warning;

c.   Failing to see the heavy lift operation being conducted and timely slowing the M/T CHEMBULK WESTPORT in a safe manner;

d.   Traveling too close to the KRISTIN ALEXIS while it was assisting in a heavy lift operation;

e.   Failing to generally exercise that degree of care commensurate with the conditions existing at the time;

f.   Failing to do what they should have done and see what they should have seen;

g.   Failing to comply with all applicable general maritime safe practices, U.S. Coast Guard navigation rules and regulations, and inland waterway navigation rules, and their own company rules and procedures;

h.   Failing to man their vessel with a competent master and crew;

i.   Failing to properly train and supervise its master and crew;

j.   Failing to keep a proper lookout;

k.   Negligent planning;

l.   Incompetent and insufficient crew;

m.   Improper and dangerous method of work and operation; and

n.   Any other acts of negligence or unseaworthiness of the M/T CHEMBULK WESTPORT which may be proven at trial.

32.

The capsizing of the KRISTIN ALEXIS which caused Adam N. Verdin, Jr.'s physical and mental injuries were also proximately caused by the direct and/or contributing vicarious acts of negligence and violations of general maritime law of the defendant, Weeks Marine, Inc., the owner and/or operator of the M/T CAPTAIN PETE, including but not limited to the negligent acts of the defendant's employees or agents, and the unseaworthiness of M/V CAPTAIN PETE, to-wit:

a.     Traveling at an excessive rate of speed;

b.     Creating and causing a large wake and wave wash which breached the side of KRISTIN ALEXIS without prior warning;

c.     Failing to see the heavy lift operation being conducted and timely slowing the M/V CAPTAIN PETE in a safe manner;

d.     Traveling too close to the KRISTIN ALEXIS while it was assisting in a heavy lift operation;

e.     Failing to generally exercise that degree of care commensurate with the conditions existing at the time;

f.     Failing to do what they should have done and see what they should have seen;

g.     Failing to comply with all applicable general maritime safe practices, U.S. Coast Guard navigation rules and regulations, and inland waterway navigation rules, and their own company rules and procedures;

h.     Failing to man their vessel with a competent captain and crew;

i.     Failing to keep a proper lookout;

j.     Failing to properly train and supervise its captain and crew;

k.     Incompetent and insufficient crew;

l.     Negligent planning;

m.     Improper and dangerous method of work and operation; and

n.     Any other acts of negligence or unseaworthiness of the M/V CAPTAIN PETE which may be proven at trial.

33.

Alternatively, claimant, Adam N. Verdin, Jr., alleges that the KRISTEN ALEXIS, M/T CHEMBULK WESTPORT, and the M/V CAPTAIN PETE, and the operations thereon were in the care, custody, and control of the defendants; that the accident which resulted in claimant's injury would not have occurred in the absence of negligence; that the facts regarding this occurrence are peculiar within the knowledge of said defendants; and thus, that the doctrine of res ipsa loquitur applies to hold all defendants liable for claimant's injury.

34.

As a result of the claimant, Adam N. Verdin, Jr.'s severe injuries and the direct and contributing vicarious acts of negligence caused by the various acts of the named defendants, Marquette, MI-DAS Line S.A., Chembulk Management, LLC, and Weeks Marine, Inc., and the unseaworthiness of the KRISTIN ALEXIS, M/T CHEMBULK WESTPORT and the M/V CAPTAIN PETE,  as described, claimant, Adam N. Verdin, Jr., has or will suffer the following non-exclusive particular list of damages;

a.     Past, present and future pain and suffering;

b.     Past, present and future mental pain and anguish;

c.     Past, present and future disability;

d.     Past, present and future permanent disfigurement;

e.     Past, present and future medical, custodial and rehabilitation expenses;

f.     Past, present and future loss of income and/or loss of earning capacity and all other such employment benefits;

g. Past, present and future loss of society, consortium, and enjoyment of life;

h. Loss of found;

i. Maintenance and cure;

j. Punitive damages;

k. Attorney fees;

l. All other special and general damages as will be shown at the trial of this matter.

35.

Pursuant to the General Maritime Law of the United States of America, Marquette had and continues to have the absolute and non-delegable duty to provide Adam N. Verdin, Jr. with maintenance and cure benefits from the date he was rendered unfit for duty until maximum cure is achieved.

36.

As a result of the aforementioned accident, Adam N. Verdin, Jr. was rendered unfit for duty and presently remains unfit for duty as a seaman and is in need of a cervical surgery recommended by his treating orthopedic surgeon and his employer, Marquette, despite repeated requests for authorization of same pursuant to its absolute and non-delegable duty to provide Adam N. Verdin, Jr. with maintenance and cure benefits from the date he was rendered unfit for duty until maximum cure is achieved, has willfully and arbitrarily denied without just cause said surgery and has delayed said surgery causing the claimant's medical condition to deteriorate.

37.

Therefore, claimant, Adam N. Verdin, Jr., prays for the payment of past, present and future adequate maintenance benefits at a daily rate of sixty five dollars ($65.00). Should

Marquette be found to have failed to honor its maintenance and cure obligation, Adam N. Verdin, Jr. is entitled to punitive damages pursuant to *Atlantic Sounding vs. Townsend*, 129 S. Ct. 2561 (2009), attorney fees and additional compensatory award for any acts of negligence on the part of the defendant which have resulted in a deterioration of the claimant's medical condition.

38.

Claimant, Adam N. Verdin, Jr., specifically alleges a claim for punitive damages against defendants herein, Marquette, MI-DAS Line S.A., Chembulk Management, LLC, and Weeks Marine, Inc., based upon General Maritime Law.  This claim relates to any gross negligence of the defendants or unseaworthiness of the subject vessels as may be allowed under General Maritime Law.

39.

At the time of the capsizing and sinking of the KRISTIN ALEXIS, the claimant was married to Sandra Verdin, and as a direct result of the injuries sustained by Adam N. Verdin, Jr., Sandra Verdin has suffered a loss of services and consortium entitling Sandra Verdin to general damages to be awarded in her favor and against the defendants, Marquette, MI-DAS Line S.A., Chembulk Management, LLC, and Weeks Marine, Inc., for their above-stated negligent actions, and unseaworthiness of their respective vessels, which caused or contributed to Adam N. Verdin, Jr.'s injuries and resultant losses.

**<u>TRIAL BY JURY</u>**

40.

Pursuant to applicable Jones Act law, 46 U.S.C. § 30104, 28 U.S.C. § 1333, the General Maritime Law, Louisiana State Law, and all other rights under the Seventh Amendment as may

be applicable, Adam N. Verdin, Jr. and Sandra Verdin request a trial by jury on all issues triable by jury as may be allowed by law on all issues herein excepting the limitation action.

41.

Adam N. Verdin, Jr. and Sandra Verdin reserve all their rights to file their petition for damages for all claims against all persons and parties arising from the sinking of the KRISTIN ALEXIS in Louisiana State District Court upon lifting of the stay Order in this matter, pursuant to 28 U.S.C. § 1333, the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law.

Furthermore, Adam N. Verdin, Jr. and Sandra Verdin further pray:

A citation and service of process be issued against the defendants, and after due proceedings had, there be judgment rendered in favor of Adam N. Verdin, Jr. and Sandra Verdin and against the defendants, Marquette, MI-DAS Line S.A., Chembulk Management, LLC, and Weeks Marine, Inc., individually, severally, jointly and solidarily, in a sum for such general compensatory and punitive damages and attorney's fees as are reasonable in the premises, with legal interest on all such damages from the date of the loss herein, or alternatively, from the date of judicial demand, until paid, and for all costs of these proceedings. Claimants reserve all their rights to proceed in Louisiana State District Court upon lifting of the federal stay Order. Claimants pray for a jury trial on all issues triable by a jury excepting the limitation. Claimants further pray for any other and further reliefs as in law, justice, and equity it may be entitled to receive.

Respectfully submitted,

**STEVEN W. HALE & ASSOCIATES, INC.**
**A PROFESSIONAL LAW CORPORATION**

*/s/ W. Taylor Hale*
_____

**W. TAYLOR HALE** (La. Bar No. 31762)

1735 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 433-0612
Facsimile: (337) 433-0613
Email: taylor@halelawfirm.com

**ATTORNEYS FOR ADAM N. VERDIN, JR.
and SANDRA VERDIN**

<u>**SERVICE INSTRUCTIONS:**</u>

**MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC**
Through their agent for service of process,
Cossich, Sumich & Parsiola, LLC,
8397 Highway 23
 Belle Chasse, Louisiana 70037

**MI-DAS LINE S.A.**
Vallarino Building, 3rd Floor
52nd and Elvira Mendez Street
Panama City, Panama

**CHEMBULK MANAGEMENT, LLC**
175 Remmell Drive
Southport, Connecticut 06890

**WEEKS MARINE, INC.**
Through their agent for service of process,
Mr. Stephen Chatry
304 Gaille Drive
Covington, Louisiana 70433

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that 12 December 2014, a copy of the foregoing pleading was sent

to all counsel of record, either by operation of the Court's CM/ECF system, by hand, by e-mail,

by telefax or by placing same in the United States mail, properly addressed, and first class

postage prepaid.

*/s/ W. Taylor Hale*

_____
**W. TAYLOR HALE**