UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARQUETTE TRANSPORTATION** | * | **CIVIL ACTION** |
| **COMPANY GULF-INLAND LLC** | * | |
| | * | **NO. 13-6216 c/w 14-02071** |
| **VERSUS** | * | |
| | * | **SECTION "A" (4)** |
| **M/V CHEMBULK WESTPORT, ET AL** | * | |
| | * | **JUDGE ZAINEY** |
| *   *   *   *   *   *   *   * | | **MAG. ROBY** |

### ANSWER AND CLAIM OF MI-DAS LINE S.A. TO THE COMPLAINT OF MARQUETTE TRANSPORTATION COMPANY GULF-INLAND LLC

Claimant, Mi-Das Line S.A. ("Mi-Das Line"), by and through its undersigned counsel, files this Claim and Answer to the Verified Complaint for Exoneration From or Limitation of Liability of Marquette Transportation Company Gulf-Inland, LLC (hereinafter "Marquette"), and represents as follows:

### ANSWER

For specific answer to the Verified Complaint for Exoneration From or Limitation of Liability, Mi-Das Line avers as follows:

### FIRST DEFENSE

Mi-Das Line avers that the security posted by Marquette is legally insufficient due to its failure to properly compute the fair market value of the tug KRISTIN ALEXIS and her pending freight as of October 22, 2013, and that limitation should be denied because the fund is inadequate or, alternatively, Marquette should be ordered to increase the

1

limitation fund to comply with the requirements of Rule F(1).

## **SECOND DEFENSE**

Without waiving and substituting any other defenses, Mi-Das Line specifically answers the individual allegations of Marquette's Verified Complaint, upon information and belief as follows:

Article 1 does not contain allegations of fact for which an answer is required, however; if answer is required, Mi-Das Line does not contest the jurisdiction of this Honorable Court or the Application of Rule 9(h) to this matter;

Admits Article 2;

Denies Article 3 for lack of sufficient information to justify a belief in the truth thereof;

Denies Article 4;

Denies Article 5, except it admits the M/T CHEMBULK WESTPORT was underway navigating down bound in the Mississippi River on October 22, 2013 and, at approximately 0930, was transiting the New Orleans harbor;

Denies Articles 6 and 7;

Article 8 does not contain allegations of fact for which an answer is required; however, if answer is required, Mi-Das Line does not contest venue in this Honorable Court;

Denies Article 9 for lack of sufficient information to justify a belief in the truth

thereof;

Denies Article 10;

Denies Article 11 for lack of sufficient information to justify a belief in the truth;

Denies Articles 12 and 13;

Denies Article 14 for lack of sufficient information to justify a belief in the truth thereof;

Denies Articles 15 and 16;

Article 17 does not contain allegations of fact to which answer is required; however, if answer is required, Mi-Das Line denies Article 17 for lack of sufficient information to justify a belief in the truth thereof.

### THIRD DEFENSE

Mi-Das Line reserves the right to seek indemnity and/or contribution from Marquette for all personal injuries, wrongful death, and other damages allegedly occurring as a result of the incident which forms the basis of this case, to the extent such claims have been or may be brought against Mi-Das Line and/or the M/T CHEMBULK WESTPORT, *in rem*, after the deadline for filing claims has elapsed in this proceeding.

### FOURTH DEFENSE

Mi-Das Line maintains that Marquette did not take the proper steps to make the tug KRISTIN ALEXIS in all respects seaworthy and failed to comply with applicable safety rules.

## FIFTH DEFENSE

Mi-Das Line pleads the affirmative defense of assumption of risk, contributory negligence, estoppel, injury by fellow servant and laches.

## SIXTH DEFENSE

Mi-Das Line maintains that the damages, if any, arising from this incident, were the result of acts or omissions of third parties beyond its control and for whom it is not legally responsible.

## SEVENTH DEFENSE

Mi-Das Line maintains that Marquette had privity and knowledge of all acts and unseaworthy conditions giving rise to the claims against it and, therefore, cannot avail itself of limitation of liability in this matter.

## VERIFIED CLAIM AGAINST MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC

AND NOW, for its Verified Claim against Marquette Transportation Company Gulf Inland, LLC ("Marquette"), Mi-Das Line would show the Court, upon information and belief, the following:

1.

This is an admiralty and maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure and jurisdiction is based on 28 U.S.C. §1333.

2.

4

Mi-Das Line was, and now is, a company organized and existing under the laws of Panama, and was, and now is, the owner of the M/T CHEMBULK WESTPORT (Official No. 31279-06A), a Panamanian flagged vessel within the meaning of 1 U.S.C. §3 and 46 U.S.C. §§30501, *et seq.*

3.

Marquette is a limited liability company, which owned, operated, managed and/or controlled the tug KRISTIN ALEXIS, and which already has appeared in this action through counsel of record.

4.

On October 22, 2013, the M/T CHEMBULK WESTPORT was at all times taught, staunch, and seaworthy, was properly manned and was in all respects fit for her intended voyage.

5.

Marquette originally filed suit against Mi-Das Line, the M/T CHEMBULK WESTPORT, *in rem*, and others to recover damages purportedly sustained to Marquette and its vessel, the tug KRISTIN ALEXIS, on October 22, 2013, alleging that the M/T CHEMBULK WESTPORT was down bound in the Mississippi River, and that when it passed the area where the KRISTIN ALEXIS was operating in the New Orleans harbor, the M/T CHEMBULK WESTPORT's wave wash or wake allegedly flooded the KRISTIN ALEXIS and caused her to capsize and sink. That action is consolidated with

this Limitation Action.  Mi-Das Line has denied, and continues to deny, all of Marquette's allegations.

6.

The capsizing and sinking of the KRISTIN ALEXIS on October 22, 2013 was not caused or contributed to by any fault, negligence, unseaworthiness or lack of due care on the part of Mi-Das Line or the M/T CHEMBULK WESTPORT, *in rem*, or any person for whom Mi-Das Line or the M/T CHEMBULK WESTPORT, *in rem*, might be responsible.  Mi-Das Line denies that it or the M/T CHEMBULK WESTPORT, *in rem*, are liable to Marquette in the original action as well as in this limitation action.

7.

On the contrary, the capsizing of the tug KRISTEN ALEXIS was caused by the negligence, unseaworthiness, want of due care or other legal fault of Marquette and its employees and/or the improper navigation, control and unseaworthiness of the tug KRISTEN ALEXIS while operating in the Mississippi River on the morning of October 22, 2013 in a number of respects, which will be shown at the trial of this case.

8.

Alternatively, Mi-Das Line avers that if the tug KRISTIN ALEXIS was wave washed or affected by the wake of any passing vessel on October 22, 2013 and sustained the damages as alleged by Marquette, those damages were not caused or contributed to by any negligence or fault on the part of Mi-Das Line, or by any improper navigation or

control of the M/T CHEMBULK WESTPORT, or any unseaworthiness of the M/T CHEMBULK WESTPORT, but, on the contrary, were caused by the negligence, unseaworthiness, want of due care or other legal fault of Weeks Marine, Inc. and its employees and/or the improper navigation, control and unseaworthiness of Weeks Marine, Inc.'s vessel, the M/V CAPTAIN PETE, while that vessel was operating in the Mississippi River in the New Orleans harbor on the morning of October 22, 2013 in a number of respects, which will be shown at the trial of this case.

9.

Among other things, the M/V CAPTAIN PETE proceeded at a very high rate of speed between the down bound M/T CHEMBULK WESTPORT and the tug KRISTIN ALEXIS, which vessel was operating on the river's east bank near the Louisiana Avenue Wharf, and close to the tug KRISTIN ALEXIS, immediately before the tug KRISTIN ALEXIS was allegedly affected by wave wash or wake on the morning of October 22, 2013. Therefore, if any wave wash or wake from a passing vessel affected the tug KRISTIN ALEXIS, it was the wave wash or wake from the M/V CAPTAIN PETE.

10.

The aforementioned incident, resulting in losses and damages, if any, liability for all of which is specifically denied, were done, occasioned and incurred without the fault, privity or knowledge of Mi-Das Line.

11.

As a direct result of the incident, certain claims have been or, upon information and belief, will be filed on behalf of third parties in which Mi-Das Line and/or the M/T CHEMBULK WESTPORT, *in rem*, have been or may be named as defendants and compelled to retain counsel to proceed with the defense of those matters.

12.

Mi-Das Line denies any liability whatsoever for Marquette's and any third parties' claims arising out of or in any way connected with this incident.  In the alternative, should Mi-Das Line and/or the M/T CHEMBULK WESTPORT, *in rem*, be held liable in whole or in part for any such parties' claims, Mi-Das Line demands, and is entitled to, contribution and/or indemnity from Marquette to the extent Marquette's negligence and/or legal fault caused or contributed to any and all losses sustained by such parties.

13.

Mi-Das Line also seeks recovery against Marquette for all damages incurred or to be incurred by Mi-Das Line in this case, including but not limited to, any and all survey costs, as well as any other costs and/or expenses related to the incident.

14.

Mi-Das Line also seeks recovery from Marquette of all attorneys' fees and costs that it may or will incur in the defense of any present or future claims arising out of this incident.

**WHEREFORE**, premises considered, Mi-Das Line prays that this Answer and Claim be deemed good and sufficient and that, after due proceedings, this Honorable Court enter judgment:

1) Dismissing Marquette's Verified Complaint seeking exoneration from or limitation of liability, and dismissing all of Marquette's claims against Mi-Das Line and the M/T CHEMBULK WESTPORT, *in rem*, with prejudice;

2) Dismissing any and all claims asserted by any other parties against Mi-Das Line directly, and/or the M/T CHEMBULK WESTPORT, *in rem*, and/or granting Mi-Das Line judgment over and against Marquette for indemnity or contribution as to any and all liability assessed against Mi-Das and/or the M/T CHEMBULK WESTPORT, *in rem*, and in favor of any other party;

3) Granting Mi-Das Line the full measure of its damages in this case, as will be proven at trial, including but not limited to all survey costs, reasonable attorney's fees and all costs and expenses of this litigation; and

4) Granting Mi-Das Line all such other and further relief, at law and equity, special or general, which may be just and proper.

Respectfully submitted

MURPHY, ROGERS, SLOSS & GAMBEL

/s/ Robert H. Murphy
_____
Robert H. Murphy (#9850)
rmurphy@mrsnola.com
Timothy D. DePaula (#31699)
tdepaula@mrsnola.com
701 Poydras Street
400 One Shell Square
New Orleans, LA   70139
Telephone:  (504) 523-0400
Facsimile:  (504) 523-5574

Attorneys for Mi-Das Line S.A.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that 15 December 2014, a copy of the foregoing pleading was sent to all counsel of record, either by operation of the Court's CM/ECF system, by hand, by e-mail, by telefax or by placing same in the United States mail, properly addressed, and first class postage prepaid.

/s/ Robert H. Murphy
_____

300/4672