UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, L.L.C.**<br><br>versus<br><br>**M/V CHEMBULK WESTPORT,** *et al.*<br><br>**APPLIES TO 2:14-cv-02071** | CIVIL ACTION<br><br>NO. 2:13-cv-06216<br>*consolidated with 2:14-cv-02071*<br><br>SECTION: "A" (4)<br><br>JUDGE ZAINEY<br><br>MAGISTRATE JUDGE ROBY |

**WEEKS MARINE, INC.'S ANSWER AND CLAIM TO *MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, L.L.C.'S VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY***

**NOW INTO COURT,** through undersigned counsel, comes claimant Weeks Marine, Inc. (hereinafter "Weeks"), who, for its *Answer and Claim to Petitioner Marquette Transportation Company Gulf-Inland, L.L.C.'s Verified Complaint for Exoneration From or Limitation of Liability*, as owner and operator of the M/V KRISTIN ALEXIS, avers upon information and belief as follows.

1.

The allegations of fact contained in paragraph 1 of Marquette Transportation Company Gulf-Inland, L.L.C.'s (hereinafter "Marquette") *Verified Complaint for Exoneration From or Limitation of Liability* requires no answer from Weeks. In the event an answer is required, the allegations of fact contained in paragraph 1 of Marquette Transportation Company Gulf-Inland, L.L.C.'s (hereinafter "Marquette") *Verified Complaint for Exoneration From or Limitation of Liability* are denied.

1

2.

The allegations of fact contained in paragraph 2 of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* are admitted.

3.

The allegations of fact contained in paragraph 3 of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* are admitted.

4.

The allegations of fact contained in paragraph 4 of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* are denied for lack of knowledge or information sufficient to justify a belief therein.

5.

The allegations of fact contained in paragraph 5 of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* are admitted.

6.

The allegations of fact contained in paragraph 6 of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* are denied for lack of knowledge or information sufficient to justify a belief therein.

7.

The allegations of fact contained in paragraph 7 of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* are denied for lack of knowledge or information sufficient to justify a belief therein.

8.

The allegations of fact contained in paragraph 8 of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* are denied for lack of knowledge or information sufficient to justify a belief therein.

9.

The allegations of fact contained in paragraph 9 of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* are denied for lack of knowledge or information sufficient to justify a belief therein.

10.

The allegations of fact contained in paragraph 10 of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* are denied for lack of knowledge or information sufficient to justify a belief therein.

11.

The allegations of fact contained in paragraph 11 of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* are denied for lack of knowledge or information sufficient to justify a belief therein.

12.

The allegations of fact contained in paragraph 12 of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* are denied for lack of knowledge or information sufficient to justify a belief therein.

13.

The allegations of fact contained in paragraph 13 of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* are denied for lack of knowledge or information sufficient to justify a belief therein.

14.

The allegations of fact contained in paragraph 14 of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* are denied for lack of knowledge or information sufficient to justify a belief therein.

15.

The allegations of fact contained in paragraph 15 of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* are denied for lack of knowledge or information sufficient to justify a belief therein.

16.

The allegations of fact contained in paragraph 16 of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* are denied for lack of knowledge or information sufficient to justify a belief therein.

17.

The allegations of fact contained in paragraph 17 of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* are denied for lack of knowledge or information sufficient to justify a belief therein.

18.

The allegations of fact contained in the prayer for relief and any non-numbered paragraphs are denied.

## **FIRST AFFIRMATIVE DEFENSE**

Petitioner Marquette Transportation Company Gulf-Inland, L.L.C.'s (hereinafter "Marquette") *Verified Complaint for Exoneration From or Limitation of Liability* fails to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

Weeks affirmative shows that the limitation fund is inadequate and limitation of liability proceedings filed by Marquette should be dismissed since Marquette has failed to deposit adequate security in accordance with 46 U.S.C. § 30501 *et seq.*, for the M/V KRISTIN ALEXIS, and for any other vessels that were within the flotilla and/or which were under the common operation, control, supervision, and/or enterprise, including but not limited to the other vessels involved in the heavy lift operation being conducted at the time of the incident which forms the subject matter of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability*.

## **THIRD AFFIRMATIVE DEFENSE**

Weeks affirmatively shows that the Limitation of Liability Act is not applicable in this case because at all times material hereto the M/V KRISTIN ALEXIS was operated in a willful, wanton, and reckless manner, and/or was known, and/or should have been known, by its owners, operators, and/or managers to be unseaworthy, and/or the conduct or actions which led to the alleged accident and injuries suffered by Adam Verdin took place within the privity and knowledge of said owners, operators, and/or managers of the M/V KRISTIN ALEXIS.

### **FOURTH AFFIRMATIVE DEFENSE**

Weeks affirmatively shows that the owners, operators, and/or managers of the M/V KRISTIN ALEXIS knew or should have known of the defective and/or unseaworthy condition of the M/V KRISTIN ALEXIS that caused and/or contributed to the alleged accident and injuries of Adam Verdin.

### **FIFTH AFFIRMATIVE DEFENSE**

Weeks affirmatively shows that there existed insurance coverage on the M/V KRISTIN ALEXIS at the time of the alleged accident and injuries of Adam Verdin, insuring Marquette in the event of an occurrence such as that which forms the subject matter of Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* and/or Adam Verdin's claims, and the proceeds of said insurance policy should be included in this limitation proceeding, in the event it is ultimately adjudicated that limitation proceedings in this matter are appropriate.

### **SIXTH AFFIRMATIVE DEFENSE**

Weeks affirmatively shows that the alleged accident and injuries of Adam Verdin, if any, were caused by the sole fault and/or negligence and/or inattention and/or omissions of third party(ies) for whom Weeks is not liable.

### **SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Marquette's insurers attempt to avail themselves of the limitation/exoneration defense, Weeks asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners and operators under the circumstances of this litigation. In the alternative, no *prima facie* case has been made that establishes Marquette's insurers are entitled to avail themselves of the Limitation of Liability Act.

## **EIGHTH AFFIRMATIVE DEFENSE**

**LIMITATION OF LIABILITY:**

There is no liability whatsoever on the part of Weeks by reason of the matters alleged in Marquette's *Verified Complaint for Exoneration From or Limitation of Liability*. However, in the event that it is held that there is liability on the part of Weeks, which is expressly denied, then Weeks pleads and alleges the following:

a. The occurrence referred to in Marquette's *Verified Complaint for Exoneration From or Limitation of Liability* was caused without the privity and/or knowledge of Weeks;

b. The amount of damages could possibly exceed the amount or value of Weeks' interest in the M/V CAPTAIN PETE; and

c. By reason thereof, Weeks invokes the benefits of the Revised Statutes of the United States, specifically 46 U.S.C. §§ 30501 *et seq.*, and Rule F of the Supplementary Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and the Acts amendatory thereto and supplementary thereof, in limitation of the liability of shipowners, under which provisions should there be any liability whatsoever on the part of Weeks, by and/or for any reason of the matters, individually or collectively, set forth in Marquette's *Verified Complaint for Exoneration From or Limitation of Liability*, that neither Marquette, nor any other party hereto, is entitled to recover damages in a sum in excess of the amount of Weeks' interest in the M/V CAPTAIN PETE.

**WHEREFORE,** Claimant Weeks Marine, Inc. prays that its *Answer and Affirmative Defenses* be deemed good and sufficient, and that after due proceedings are had, that there be judgment in favor of Weeks Marine, Inc., against Lee Marine Towing, Inc., dismissing Marquette's *Verified Complaint for Exoneration From or Limitation of Liability*, at its cost, and for all other equitable, legal, and general relief to which Weeks Marine, Inc. is entitled.

## WEEKS MARINE, INC.'S CLAIM AGAINST MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, L.L.C.

Weeks Marine, Inc. (hereinafter "Weeks"), a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, authorized to do and doing business in the State of Louisiana, in accordance with Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, hereby makes its claim within the captioned limitation action, and avers upon information and belief the following facts upon which it relies in support of its claims:

1.

On or about October 22, 2013, Weeks was, and to this day remains, the owner and operator of the M/V CAPTAIN PETE, which is assigned U.S. Coast Guard document number 640476.

2.

Weeks repeats, reiterates, and re-alleges every answer and affirmative defense set forth above in its *Answer*, *in extenso*, with the same force and effect as if fully set forth within this *Claim*.

3.

This *Claim* arises out of an alleged work-related accident suffered by Adam Verdin while working aboard the M/V KRISTIN ALEXIS on or about October 22, 2013, when the M/V KRISTIN ALEXIS capsized.

4.

Marquette alleges in consolidated action number 2:13-cv-6216 that the M/T CHEMBULK WESTPORT caused the M/V KRISTIN ALEXIS to capsize.

5.

Mi-Das Line, S.A., as owner of the M/T CHEMBULK WESTPORT, filed a third-party complaint against Weeks, asserting indemnity, contribution, and recovery over of any sums for which Mi-Das Line, S.A. and/or the M/T CHEMBULK WESTPORT are liable to Marquette.

6.

Weeks denies any and all liability and/or fault for the capsizing of the M/V KRISTIN ALEXIS on or about October 22, 2013, and denies that Marquette is free from fault, as alleged in Marquette's *Verified Complaint for Exoneration From or Limitation of Liability*.

7.

At all times material hereto, the M/V CAPTAIN PETE was tight, staunch, and seaworthy, manned by an adequate and competent crew.

8.

The capsizing of the M/V KRISTIN ALEXIS that occurred on or about October 22, 2013, was not caused by any improper navigation or control, or unseaworthiness, of the M/V CAPTAIN PETE, but was caused by the negligence, unseaworthiness, want of due care, and other legal fault of Mi-Das Line, S.A., and its employees and/or agents and/or those aboard the M/T CHEMBULK WESTPORT, in the improper navigation, control, and unseaworthiness of Mi-Das Line, S.A.'s vessel, the M/T CHEMBULK WESTPORT, while the M/T CHEMBULK WESTPORT passed the M/V KRISTIN ALEXIS on or about October 22, 2013.

9.

At all times material hereto, the M/V KRISTIN ALEXIS and all of its appurtenances were owned and operated by Marquette, and one of the proximate causes of Adam Verdin's injuries were the defective conditions of the M/V KRISTIN ALEXIS, which defective conditions were within the privity and knowledge of Marquette.

10.

Marquette is not entitled to the benefits of the Limitation of Liability of Shipowners Act, 46 U.S.C. § 30501 *et seq.*, based upon Marquette being within the privity and having knowledge of the negligence, carelessness, and fault of the crew of the M/V KRISTIN ALEXIS, and/or the unseaworthiness of the M/V KRISTIN ALEXIS.

11.

In the event that Weeks is cast in judgment as a result of the alleged accident and injuries of Adam Verdin, Weeks is entitled to contribution and/or indemnity from Marquette for all amounts for which Weeks is cast in judgment, together with interest and costs.

**WHEREFORE,** Claimant Weeks Marine, Inc. prays that its *Claim* be deemed good and sufficient, and that after due proceedings are had, that there be judgment in favor of Weeks Marine, Inc., against Marquette Transportation Company Gulf-Inland, L.L.C., dismissing Marquette's *Verified Complaint for Exoneration From or Limitation of Liability*, at its cost, and for all other equitable, legal, and general relief to which Weeks Marine, Inc. is entitled.

Respectfully submitted on December 15, 2014.

        WAITS, EMMETT, POPP & TEICH, L.L.C.

        <u>s/Matthew F. Popp</u>
MATTHEW F. POPP  (24608)  T.A.
RANDOLPH J. WAITS  (13157)
JOHN F. EMMETT  (1861)
JORDAN N. TEICH  (32254)
MARK A. HILL  (33891)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana  70112
Telephone:   504-581-1301
Facsimile:   504-585-1796
E-mail:       mpopp@wep-law.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that to the best of my knowledge all counsel of record consent to and participate in receiving electronic notification from the CM/ECF system, and that the Clerk of the Court for the Eastern District of Louisiana, using the CM/ECF system, will electronically send notification of the filing of this pleading to all counsel of record.

        <u>s/ Matthew F. Popp</u>
MATTHEW F. POPP