## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC** | **CIVIL ACTION** |
| | **NO.  13-6216 C/W 14-2071** |
| **VERSUS** | **Limitation Action Only** |
| **M/V CHEMBULK WESTPORT, her engines, tackle, apparel, bunkers, etc., in rem; MI-DAS LINE, SA; M.T.M. SHIP MANAGEMENT PTE LTD; and CHEMBULK MANAGEMENT, LLC** | **JUDGE ZAINEY** |
| | **MAGISTRATE JUDGE ROBY** |

### ANSWER AND DEFENSES TO CLAIM OF ADAM VERDIN AND SANDRA VERDIN AND RULE 14(C) TENDER

NOW INTO COURT, through undersigned counsel, comes Marquette Transportation Company Gulf-Inland, LLC ("Marquette"), which for its answer and defenses to the Claim of Adam Verdin and Sandra Verdin ("Claimants"), respectfully avers upon information and belief as follows:

### FIRST DEFENSE

The Claim fails to state a claim or right upon which relief can be granted.

### SECOND DEFENSE

In response to the specific allegations of the Claim, Marquette avers as follows:

1.

Marquette admits that it is a foreign limited liability company authorized to conduct business in Louisiana. Except as specifically admitted, the remaining allegations contained in Paragraph 1 of the Claim are denied for lack of information sufficient to justify a belief in the truth therein.

2.

The allegations contained in Paragraph 2 of the Claim are denied.

3.

The allegations contained in Paragraph 3 of the Claim are admitted.

4.

The allegations contained in Paragraph 4 of the Claim are admitted.

5.

The allegations contained in Paragraph 5 of the Claim are admitted.

6.

The allegations contained in Paragraph 6 of the Claim are admitted.

7.

The allegations contained in Paragraph 7 of the Claim are admitted.

8.

The allegations contained in Paragraph 8 of the Claim are admitted.

PD.15304350.1

9.

Marquette admits that Adam Verdin was working aboard the KRISTIN ALEXIS on October 22, 2013. Except as specifically admitted, the remaining allegations contained in Paragraph 9 of the Claim are denied.

10.

On October 22, 2013, the KRISTIN ALEXIS assisted with a heavy lift operation. Except as specifically admitted, the remaining allegations contained in Paragraph 10 of the Claim are denied.

11.

The KRISTIN ALEXIS was faced up to a barge at the time of the casualty. Except as specifically admitted, the remaining allegations contained in Paragraph 11 of the Claim are denied.

12.

The allegations contained in Paragraph 12 of the Claim are denied.

13.

The allegations contained in Paragraph 13 of the Claim are denied.

14.

The allegations contained in Paragraph 14 of the Claim are denied.

15.

The allegations contained in Paragraph 15 of the Claim are denied.

PD.15304350.1

16.

Marquette admits that on October 22, 2013, CHEMBULK WESTPORT was underway navigating downbound in the Mississippi River. At approximately 0930 hours, while transiting the New Orleans harbor, CHEMBULK WESTPORT passed the KRISTEN ALEXIS close and at an excessive rate of speed. CHEMBULK WESTPORT's wake flooded KRISTEN ALEXIS and caused her to capsize next to the dock. Except as specifically admitted the remaining allegations contained in Paragraph 16 of the Claim are denied.

17.

The allegations contained in Paragraph 17 of the Claim are admitted.

18.

The allegations contained in Paragraph 18 of the Claim are denied.

19.

The allegations contained in Paragraph 19 of the Claim are admitted.

20.

Marquette admits that the wake and wave wash of the CHEMBULK WESTPORT and CAPTAIN PETE caused the KRISTIN ALEXIS to capsize. Except as specifically admitted, the remaining allegations contained in Paragraph 20 of the Claim are denied.

21.

The allegations contained in Paragraph 21 of the Claim are denied.

PD.15304350.1

22.

Marquette admits that Verdin was in his sleeping quarters at the time of the casualty. Except as specifically admitted, the remaining allegations contained in Paragraph 22 of the Claim are denied.

23.

The allegations contained in Paragraph 23 of the Claim are denied.

24.

The allegations contained in Paragraph 24 of the Claim are denied.

25.

The allegations contained in Paragraph 25 of the Claim are denied.

26.

The allegations contained in Paragraph 26 of the Claim are admitted.

27.

The allegations contained in Paragraph 27 of the Claim are admitted.

28.

The allegations contained in Paragraph 28 of the Claim are denied.

29.

The allegations contained in Paragraph 29 of the Claim are denied.

30.

The allegations contained in Paragraph 30 of the Claim, including subparts (a) through (w), are denied.

PD.15304350.1

31.

Marquette admits that if Claimants were injured, which is specifically denied, MI-DAS Line S.A. and Chembulk Management, LLC are liable for said injuries. Except as specifically admitted, the remaining allegations contained in Paragraph 31 of the Claim are denied.

32.

Marquette admits that if Claimants were injured, which is specifically denied, Weeks Marine, Inc. is liable for said injuries. Except as specifically admitted, the remaining allegations contained in Paragraph 32 of the Claim are denied.

33.

Marquette admits that if Claimants were injured, which is specifically denied, MI-DAS Line S.A., Chembulk Management, LLC, and Weeks Marine, Inc. are liable for said injuries under the doctrine of *res ipsa loquitor*. Except as specifically admitted, the remaining allegations contained in Paragraph 33 of the Claim are denied.

34.

The allegations contained in Paragraph 34 of the Claim are denied.

35.

Paragraph 35 of the Claim states of conclusion of law to which no response is required. However, to the extent this Honorable Court should deem a response thereto necessary, the allegations contained in Paragraph 35 of the Claim are denied.

36.

The allegations contained in Paragraph 36 of the Claim are denied.

PD.15304350.1

37.

The allegations contained in Paragraph 37 of the Claim are denied.

38.

The allegations contained in Paragraph 38 of the Claim are denied.

39.

The allegations contained in Paragraph 39 of the Claim are denied.

40.

Marquette denies that Claimants are entitled to a trial by jury.

41.

Paragraph 41 of the Claim does not require a response. However, to the extent this Honorable Court should deem a response thereto necessary, the allegations contained in Paragraph 41 of the Claim are denied.

**THIRD DEFENSE**

Marquette avers in the alternative, and in the alternative only, that should this Honorable Court find that Claimants actually suffered injuries or damages as alleged, which is specifically denied, then said injuries and damages were caused solely by the fault, negligence, last clear chance, assumption of risk and/or inattention of Claimants and/or the negligence and/or strict liability of others for whom or for which Marquette may not be held responsible, for none of which may Claimants have recovery herein against Marquette.

**FOURTH DEFENSE**

Marquette further avers in the alternative and in the alternative only, that should this Honorable Court find that Claimants suffered injuries and damages consequent upon the fault of

7

any party for whom or for which it may be held responsible or accountable, all of which is specifically denied, then said injuries or damages were caused solely by and/or contributed to and/or aggravated by the fault, negligence, last clear chance, assumption of risk and/or inattention of Claimants and/or the negligence and/or strict liability of others for whom or for which Marquette may not be held responsible, an Act of God, a preexisting condition, and/or an inevitable accident, and Marquette is entitled to have any award or recovery due to Claimants barred, mitigated or reduced accordingly.

## **FIFTH DEFENSE**

Marquette avers that Claimants' injuries and damages, if any, occurred without the privity or knowledge of Marquette; that the amount of damages sued for in the Claim herein greatly exceeds the amount or value of Marquette's interest in the barge and/or any other applicable vessel and/or barge and her freight then pending, if any; and, Marquette accordingly invokes the benefits of the provisions of the Revised Statutes of the United States of America and the acts amendatory thereof and supplemental thereto in limitation of the liability of shipowners, under which provisions Claimants are not entitled to recover damages in a sum in excess of the amount or value of Marquette's interest in said barge and/or any other applicable vessel and/or barge at the conclusion of the voyage on which Claimants allegedly sustained injuries, if any, and her freight then pending, even if Marquette be held liable for or by reason of the matters, or any of them, set forth in the Complaint herein, which liability is specifically denied.

## **SIXTH DEFENSE**

Claimants have failed to mitigate their damages.

## RULE 14(c) TENDER

**NOW INTO COURT**, through undersigned counsel, comes Marquette Transportation Company Gulf-Inland, LLC ("Marquette"), who tenders M/V CHEMBULK WESTPORT, her engines, tackle, apparel, bunkers, etc., in rem; MI-DAS Line, SA; Chembulk Management, LLC; and Weeks Marine, Inc. ("Rule 14(c) Defendants") to all parties with claims against Marquette, as direct defendants pursuant to the provisions of Rule 14(c) of the Federal Rules of Civil Procedure as follows:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.

Made cross-defendants and Rule 14(c) Defendants pursuant to the provisions of Rule 14(c) of the Federal Rules of Civil Procedure are as follows:

2(a).

Defendant, M/V CHEMBULK WESTPORT, *in rem*, is, upon information and belief, a foreign flagged vessel which is and was at all relevant times engaged in maritime commerce in the waters of the United States and/or the U.S. Gulf of Mexico.

2(b).

Defendant, MI-DAS Line SA, is, upon information and belief, a foreign company which at all relevant times was the owner and/or operator of M/V CHEMBULK WESTPORT.

PD.15304350.1

2(c).

Defendant, Chembulk Management, LLC, is, upon information and belief, a United States limited liability company which at all relevant times was the owner and/or operator of M/V CHEMBULK WESTPORT.

2(d).

Defendant Weeks Marine, Inc. is, upon information and belief, a foreign company which at all relevant times was the owner and/or operator of M/V CAPTAIN PETE.

3.

Marquette invokes the maritime procedure specified in Rule 9(h) of the Federal Rules of Civil Procedure and hereby tenders Rule 14(c) Defendants as direct defendants to all parties with claims against it in the subject litigation in accordance with Rule 14(c) of the Federal Rules of Civil Procedure.

4.

On or about October 22, 2013, CHEMBULK WESTPORT was underway, navigating downbound in the Mississippi River.  At approximately 0930, while transiting the New Orleans harbor, CHEMBULK WESTPORT passed the KRISTIN ALEXIS close and at a high rate of speed.  CHEMBULK WESTPORT's wake flooded KRISTIN ALEXIS and caused her to capsize next to the dock.

5.

At the same time on October 22, 2013, the CAPTAIN PETE allegedly proceeded between the downbound CHEMBULK WESTPORT and the KRISTIN ALEXIS and allegedly contributed to her capsizing.

PD.15304350.1

6.

Adam Verdin and wife Sandra Verdin claim they were injured as a result of the above described capsizing of the KRISTIN ALEXIS.

7.

The damage resulting from this incident was not caused or contributed to by any fault or negligence by the navigators of KRISTIN ALEXIS, but was caused by the negligence of the navigators of CHEMBULK WESTPORT and/or CAPTAIN PETE in failing properly to navigate and control their ships, and the unseaworthiness of CHEMBULK WESTPORT and CAPTAIN PETE, for all of which MI-DAS Line SA, Chembulk Management LLC, and Weeks Marine, Inc. are responsible.

8.

Any injuries suffered by Adam Verdin and Sandra Verdin, which are specifically denied, were caused in whole or in part by the negligence and/or unseaworthiness of Rule 14(c) Defendants.

9.

Accordingly, under Rule 14(c), Marquette is entitled to full tort indemnity and/or contribution from Rule 14(c) Defendants for any amounts of money or damages which Marquette might be forced to pay to any parties in this litigation as a result of the incident described herein.

WHEREFORE, Marquette prays that the claims of all parties in this litigation against Marquette be tendered to Rule 14(c) Defendants, and for all equitable relief as the law and justice may require.

PD.15304350.1

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:    */s/ David I. Clay, II*
_____
          Evans Martin McLeod (Bar #24846)
          David I. Clay, II (Bar #33776)
          Canal Place | 365 Canal Street, Suite 2000
          New Orleans, Louisiana 70130-6534
          Telephone: 504-566-1311
          Telecopier: 504-568-9130
          Email: marty.mcleod@phelps.com
                   turk.clay@phelps.com

          ATTORNEYS FOR PLAINTIFF MARQUETTE
          TRANSPORTATION COMPANY GULF-
          INLAND, LLC



<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a copy of the foregoing was filed on this 12th day of January, 2015, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.


          */s/ David I. Clay, II*
_____

12