```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| MARQUETTE TRANSPORTATION CO. | CIVIL ACTION |
| VERSUS | NO: 13-6216 C/W 14-2071 |
| M/V CHEMBULK WESTPORT, ET AL. | SECTION: "A" (4) |

**MINUTE ENTRY (JS-10: <u>15</u>)**

On March 17, 2015, the Court held a status conference with the following counsel in attendance: Matthew Popp for Weeks Marine, Inc.; Steven Hale and Taylor Hale for the Verdin claimants; Marty McLeod and David Clay for Marquette Transportation; Peter Sloss and Tim DePaula for the Chembulk parties. The Court set the conference in light of the unopposed Motion to Continue Trial (Rec. Doc. 63) filed by the Verdin claimants.

At the conference, counsel apprised the Court as to the status of the case. The Verdin claimants want their claims tried to a jury. The Court agreed to schedule their claims for a trial by jury. Any party intending to object must move within **10 days** to strike the jury. The limitation claim will be submitted to the Court for determination and will not be severed from the injury claims.

For purposes of the expert report deadlines, the term "plaintiff" will refer to the party prosecuting the claim, and "defendant" will refer to the party defending the claim, regardless of the party's actual procedural posture in the case.

Accordingly;

**IT IS ORDERED** that a 5 day JURY/NONJURY trial is **SET** for **Monday, November 2, 2015, at 8:30 a.m.**;

    **IT IS FURTHER ORDERED** that the pretrial conference is **SET** for **Thursday, October 8, 2015, at 11:00 a.m.** Counsel shall prepare in accordance with the attached pretrial notice. This status conference will take place in chambers and attendance in person is mandatory for trial counsel;

    **IT IS FURTHER ORDERED** that amendments to pleadings, third-party actions, cross claims, and counter claims shall be filed by **March 31, 2015**;

    **IT IS FURTHER ORDERED** that all dispositive motions shall be timely filed under the Local Rules so as to permit submission to the Court no later than **June 17, 2005**;

    **IT IS FURTHER ORDERED** that depositions for trial use shall be taken and all discovery shall be completed not later than **September 8, 2015**;

    **IT IS FURTHER ORDERED** that written reports of experts, as defined in Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiff shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than **July 8, 2015**;

    **IT IS FURTHER ORDERED** that written reports of experts, as defined in Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendant shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **August 10, 2015**;

    **IT IS FURTHER ORDERED** that counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial, and all exhibits that may or will be used, not later than **August 10, 2015**;

    **IT IS FURTHER ORDERED** that all non-dispositive pretrial motions, including motions in limine regarding the admissibility of expert

testimony, shall be timely filed under the Local Rules so as to allow submission to the Court no later than **October 7, 2015**. All other motions in limine shall be filed no later than one week before the pre-trial conference and responses thereto shall be filed no later than three working days after receipt of the motion;

  **IT IS FURTHER ORDERED** that counsel for the parties are to contact the assigned magistrate judge for the scheduling of a settlement conference, said conference to take place no later than **August 28, 2015**.

        * * * * * * *

*Jay C. Zainey*