UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARQUETTE TRANSPORTATION CO. | CIVIL ACTION |
| VERSUS | NO: 13-6216 C/W 14-2071 |
| CHEMBULK WESTPORT M/V, ET AL. | SECTION: "A" (4) |

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 79)** filed by third-party defendant Weeks Marine, Inc. Mi-Das Line, S.A., and Sandra and Adam N. Verdin oppose the motion. The motion, scheduled for submission on June 17, 2015, is before the Court on the briefs without oral argument.

Marquette Transportation Co. Gulf-Inland, LLC instituted this litigation to recover for damages to its vessel KRISTEN ALEXIS. The KRISTEN ALEXIS sank in the Mississippi River on October 22, 2013. Marquette blames the KRISTEN ALEXIS's demise on the CHEMBULK WESTPORT, which allegedly passed by at an excessive rate of speed causing the vessel to flood and capsize. Marquette has sued the CHEMBULK WESTPORT in rem. Defendant Mi-Das Line owns the vessel. Mi-Das Line third-partied Weeks into the case based on the allegation that it was Weeks' vessel, the CAPTAIN PETE, that caused the wake on the river that day. Weeks now m0ves for summary judgment arguing that there is no evidence to suggest that its vessel played any part in sinking of the KRISTEN ALEXIS.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

(*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Weeks argues that no party in this case has evidence to impugn its captain's assertion that he slowed down when he passed the KRISTEN ALEXIS and did not cause the wake that allegedly sunk Marquette's vessel. (Rec. Doc. 79-4, Deposition). On June 19, 2015, the Court entered an order extending expert report deadlines for all parties, and the discovery cutoff date. (Rec. Doc. 98). Mi-Das Line's expert report deadline is September 10, 2015, and the discovery cutoff date is October 5, 2015. (*Id.*). The Court agrees with Mi-Das Line's and the Verdins' suggestion that Weeks' motion for summary judgment is premature in light of the remaining discovery and anticipated expert reports. If the opposing parties cannot create an issue of fact as to liability on Weeks' part *after* discovery is complete then Weeks will have a far more persuasive argument to make.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 79)** filed by third-party defendant Weeks Marine, Inc. is **DENIED.**

July 14, 2015

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE