UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, L.L.C.** | CIVIL ACTION |
| | NO. 2:13-cv-06216 *consolidated with 2:14-cv-02071* |
| versus | |
| | SECTION: "A" (4) |
| **M/V CHEMBULK WESTPORT,** *et al.* | |
| | JUDGE ZAINEY |
| **APPLIES TO ALL CASES** | |
| | MAGISTRATE JUDGE ROBY |

**MEMORANDUM IN SUPPORT OF WEEKS MARINE, INC.'S MOTION FOR APPEAL/REVIEW OF MAGISTRATE JUDGE DECISION TO DISTRICT COURT**

**MAY IT PLEASE THE COURT:**

Weeks Marine, Inc. (Weeks) moves for appeal/review of Magistrate Judge Roby's *Order* (*Court Record, Doc. No. 124*), which granted Mi-Das Line S.A.'s *Motion to Compel* the operational inspection of the M/V CAPTAIN PETE (*Court Record, Doc. No. 100*), per Federal Rule of Civil Procedure 72(a). Mi-Das Line S.A.'s *Motion to Compel* an operational inspection of the M/V CAPTAIN PETE should be denied on the bases of relevancy (Fed. R. Evid. 403), lacking any factual foundation (Fed. R. Evid. 104(b)), and confusing the issues and misleading the jury (Fed. R. Evid. 403).

**I.   LEGAL STANDARD ON A MOTION FOR APPEAL/REVIEW OF A MAGISTRATE JUDGE'S DECISION**

A district court may reverse the decision of a magistrate judge only upon a finding that the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *Yuspeh v. State Farm Fire & Cas. Co.*, Civ. A. No. 07-9491, 2008 WL 4758627 at *1 (E.D. La. Oct. 29, 2008). "This Court has previously held that 'a motion to review is appropriate when a magistrate judge has obviously misapprehended a party's position,

1

the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence.'" *Yuspeh*, 2008 WL 4758627 at *1, *quoting Hunter v. Copeland*, No. 03-2584, 2004 WL 1562832 at *1 (E.D. La. July 12, 2004).

This appeal and review of Magistrate Judge Roby's *Order* granting Mi-Das Line S.A.'s *Motion to Compel* the operational inspection of the M/V CAPTAIN PETE is based on new evidence, namely the deposition testimony of five additional witnesses. Weeks' *Memorandum in Opposition* to Mi-Das Line's *Motion to Compel* was due and filed on Tuesday, June 30, 2015. *Court Record, Doc. No. 102.* Oral argument was held on July 15, 2015. *Court Record, Doc. Nos. 103 and 108.* The depositions of these five witnesses were either not taken, or the transcripts were not prepared, prior to either the briefing deadline or oral argument.

| **Witness** | **Date deposition taken** | **Date transcript received** |
|---|---|---|
| James Beasley | May 29, 2015 | July 5, 2015 |
| Kendrick Jones | June 26, 2015 | July 24, 2015 |
| Eric Simpson | June 30, 2015 | July 28, 2015 |
| Adam Verdin | July 2, 2015 | July 23, 2015 |
| Kamrin Lee | July 30, 2015 | August 4, 2015 |

**II. NEW EVIDENCE ESTABLISHES THE M/T CHEMBULK WESTPORT AS THE CAUSE OF THE WAKE THAT CAPSIZED THE M/V KRISTIN ALEXIS**

Mr. Beasley does not know what caused the M/V KRISTIN ALEXIS to capsize (*deposition of James Beasley at 84:25 – 85:4, attached as Exhibit 1*), and he did not see any vessels to which he would attribute the cause of the M/V KRISTIN ALEXIS's capsizing (*Ex. 1 at 91:11 – 15*).

2

Mr. Jones has no idea of the size of the wakes created by the M/T CHEMBULK WESTPORT or the M/V CAPTAIN PETE.  *Deposition of Kendrick Jones at 111:8 – 17, attached as Exhibit 2.*  Mr. Jones testified that a wake caused the capsizing (*Ex. 2 at 120:17 – 19*), and at the time of the capsizing, there was initially a small rocking, then the M/V KRISTIN ALEXIS steadied herself, then four to five minutes later the bigger rocking that caused the capsizing happened (*Ex. 2 at 63:4 – 64:2, and 91:16 – 92:11*).

Mr. Simpson saw the wake of the M/T CHEMBULK WESTPORT roll across the stern of the M/V KRISTIN ALEXIS.  *Deposition of Erik Simpson at 53:13 – 24, attached as Exhibit 3.*  Mr. Simpson saw the M/V CAPTAIN PETE pass before the M/T CHEMBULK WESTPORT's wake rolled across the stern of the M/V KRISTIN ALEXIS, and Mr. Simpson did not notice the M/V CAPTAIN PETE's wake.  *Ex. 3 at 53:24 – 54:10.*  After the first wake hit the M/V KRISTIN ALEXIS, she rolled, and then the second wave hit the M/V KRISTIN ALEXIS, and she was swamped at that point.  *Ex. 3 at 54:18 – 55:6.*  After the wakes hit, Mr. Simpson traced the wake back to the M/T CHEMBULK WESTPORT.  *Ex. 3 at 110:23 – 25.*  Mr. Simpson determined that the wake from the M/T CHEMBULK WESTPORT was the root cause of the capsizing of the M/V KRISTIN ALEXIS.  *Ex. 3 at 88:23 – 25.*

Mr. Verdin did not see the M/V CAPTAIN PETE or its wake at the time of the capsizing.  *Deposition of Adam Verdin at 170:21 – 171:3, attached as Exhibit 4.*

Mr. Lee recalls seeing the M/T CHEMBULK WESTPORT passing four to five minutes before the M/V KRISTIN ALEXIS capsized, because the M/T CHEMBULK WESTPORT was "going a little too fast."  *Deposition of Kamrin Lee at 57:15 – 25, attached as Exhibit 5.*  The M/T CHEMBULK WESTPORT's wake hit the M/V KRISTIN

3

ALEXIS, and Mr. Lee trailed the wake back to the M/T CHEMBULK WESTPORT.  *Ex. 5 at 59:1 – 14.*  Mr. Lee did not recall seeing the M/V CAPTAIN PETE's wake, because it had already passed.  *Ex. 5 at 59:15 – 19.*

Mr. Simpson and Mr. Lee traced the wake that sank the M/V KRISTIN ALEXIS back to the M/T CHEMBULK WESTPORT, and saw the M/V CAPTAIN PETE pass the M/V KRISTIN ALEXIS before the M/T CHEMBULK WESTPORT passed.  None of the witnesses saw the M/V CAPTAIN PETE's wake.

## III. THE NEW EVIDENCE RENDERS THE OPERATIONAL INSPECTION IRRELEVANT, AS WELL AS ILLUSTRATING THE LACK OF ANY FACTUAL FOUNDATION FOR CONDUCTING IT, AND WOULD RESULT IN CONFUSING THE ISSUES AND MISLEADING THE JURY

Judge Roby assessed the relevance of the information sought when determining the benefit to Mi-Das Line S.A. from the operational inspection.  *Court Record, Doc. No. 124 at p. 6.*  Judge Roby determined it was relevant, based on the comments from Mi-Das Line S.A.'s experts and the AIS information.  *Court Record, Doc. No. 124 at pp. 6-7.*  Judge Roby found that Captain Jeff Jones testimony is not uncontroverted evidence that renders the operational inspection irrelevant.  *Court Record, Doc. No. 124 at p. 7.*  As explained above, the parties to the litigation and Judge Roby were without the benefit of the five depositions obtained since the briefing and oral argument.  Those five depositions, when viewed with the depositions that did exist, warrant the denial of Mi-Das Line S.A.'s *Motion to Compel* an operational inspection of the M/V CAPTAIN PETE.

It has been definitively established that the wake that caused the M/V KRISTIN ALEXIS to capsize originated from the M/T CHEMBULK WESTPORT.  Mr. Simpson and Mr. Lee both traced the wake that hit the M/V KRISTIN ALEXIS back to the M/T

4

CHEMBULK WESTPORT.  There is not a single witness that blames the M/V CAPTAIN PETE for causing the wake that capsized the M/V KRISTIN ALEXIS.  Without the factual basis of any evidence that the M/V CAPTAIN PETE threw any wake on October 22, 2013, there is no foundation for conducting an operational inspection of the M/V CAPTAIN PETE.  The established facts render the request for an operational inspection to nothing more than a fishing expedition.

Judge Roby cited Mi-Das Line S.A.'s argument "that an operational inspection of the M/V CAPTAIN PETE is important because no eyewitness saw which vessel generated the wave." *Court Record, Doc. No. 124 at p. 3.*  This is no longer the case.  The record evidence establishes that the M/T CHEMBULK WESTPORT generated the wave that capsized the M/V KRISTIN ALEXIS.  Thus, the wake of the M/V CAPTAIN PETE is no longer relevant.  Presenting evidence of the M/V CAPTAIN PETE's wake at an operational inspection is without any factual support, and would result in improperly suggesting to the jury that the M/V CAPTAIN PETE's wake was involved with the M/V KRISTIN ALEXIS's capsizing.

Mi-Das Line S.A.'s *Motion to Compel* an operational inspection of the M/V CAPTAIN PETE should be denied on the bases of relevancy (Fed. R. Evid. 403), lacking any factual foundation (Fed. R. Evid. 104(b)), and confusing the issues and misleading the jury (Fed. R. Evid. 403).

## CONCLUSION

Weeks Marine, Inc. respectfully asserts that based on the new evidence which establishes that the M/T CHEMBULK WESTPORT created the wake that capsized the M/V KRISTIN ALEXIS, the M/V CAPTAIN PETE passed the M/V KRISTIN ALEXIS

5

before the M/T CHEMBULK WESTPORT passed the M/V KRISTIN ALEXIS, and no witness saw the wake of the M/V CAPTAIN PETE, Weeks Marine, Inc. is entitled to the entry of an *Order* reversing Magistrate Judge Roby's *Order*, and denying Mi-Das Line S.A.'s *Motion to Compel* the operational inspection of the M/V CAPTAIN PETE.

Weeks Marine, Inc. respectfully requests that this Court sign the proposed *Order* filed herewith, which grants Weeks Marine, Inc. the requested relief.

Respectfully submitted on September 2, 2015.

                WAITS, EMMETT, POPP & TEICH, L.L.C.

                s/Matthew F. Popp
                MATTHEW F. POPP  (24608)  T.A.
                RANDOLPH J. WAITS  (13157)
                JOHN F. EMMETT  (1861)
                JORDAN N. TEICH  (32254)
                MARK A. HILL  (33891)
                1515 Poydras Street, Suite 1950
                New Orleans, Louisiana  70112
                Telephone:   504-581-1301
                Facsimile:    504-585-1796
                E-mail:         mpopp@wep-law.com

## CERTIFICATE OF SERVICE

I hereby certify that to the best of my knowledge all counsel of record consent to and participate in receiving electronic notification from the CM/ECF system, and that the Clerk of the Court for the Eastern District of Louisiana, using the CM/ECF system, will electronically send notification of the filing of this pleading to all counsel of record.

                s/Matthew F. Popp