UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARQUETTE TRANSPORTATION CO. GULF-INLAND, LLC | CIVIL ACTION |
| VERSUS | NO. 13-6216 c/w 14-2071 |
| M/V CHEMBULK WESTPORT, ET AL. | SECTION A(4) |

## ORDER AND REASONS

The following motions are before the Court: **Motion for Summary Judgment (Rec. Doc. 171)** and **Motions to Exclude Experts (Rec. Docs. 168, 169, 170)** filed by Weeks Marine, Inc.; **Motion to Exclude Expert (Rec. Doc. 172)** filed by the Verdin Plaintiffs. All motions are opposed. The motions, submitted to the Court December 30, 2015, are before the Court on the briefs without oral argument.

Marquette Transportation Co. Gulf-Inland, LLC instituted this litigation to recover for damages to its vessel KRISTEN ALEXIS. The KRISTEN ALEXIS sank in the Mississippi River on October 22, 2013. Marquette blames the KRISTEN ALEXIS's demise on the CHEMBULK WESTPORT, which allegedly passed by at an excessive rate of speed causing the vessel to flood and capsize. Marquette has sued the CHEMBULK WESTPORT in rem. Defendant Mi-Das Line owns the vessel. Mi-Das Line third-partied Weeks Marine, Inc. into the case based on the allegation that it was Weeks' vessel, the CAPTAIN PETE, that caused the wake on the river that day.

On July 14, 2015, the Court denied Weeks' motion for summary judgment on the issue of whether Weeks either caused or contributed to the wake that allegedly caused the KRISTEN ALEXIS to sink. (Rec. Doc. 105, Order and Reasons). The Court denied

that motion as premature because discovery was not complete. While Weeks' considers the circumstantial evidence of its culpability to be insufficient or equivocal, the Court is persuaded that the evidence of record presents disputed issues of fact as to fault. The motion for summary judgment is DENIED.

Weeks' various motions to exclude the other parties' liability experts are likewise DENIED. None of the grounds upon which Weeks challenges the experts compel exclusion as a matter of law. The deficiencies that Weeks identifies will be weighed against the substantive aspects of the experts' opinions.

The Verdin Plaintiffs move to exclude the proposed expert testimony of Dr. James M. Anderson, Marquette's expert psychiatrist. The Verdins argue that this witness's opinions go beyond the proper scope of expert testimony, and that Marquette is using the guise of a medical opinion to have this witness unfairly denigrate Captain Verdin. Having reviewed Dr. Anderson's report, the Court does not reject this characterization out of hand. But Dr. Anderson did examine Captain Verdin in person and most likely can offer some admissible *medical* opinion regarding Captain Verdin's psychological symptoms. Given the length of the report, however, the Court cannot be certain of what that medical opinion would be. If Dr. Anderson was convinced that Verdin was untruthful *with him* and that Verdin attempted to embellish his symptoms *when speaking with Dr. Anderson*, then this opinion is admissible so long as Dr. Anderson can explain his conclusions from a medical standpoint. But Dr. Anderson is not going to serve as an advocate for Marquette by traversing the records of other physicians who are not witnesses in order to find bases to condemn Verdin as being

dishonest.[1] The motion is therefore GRANTED as Dr. Anderson's report in its current form. Marquette will have an opportunity, however, to cure the problems with Dr. Anderson's report in order to have him offer a succinct medical opinion based on his examination of the claimant. Marquette must produce the revised report to Verdin no later than **February 12, 2016**.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 171)** and **Motions to Exclude Experts (Rec. Docs. 168, 169, 170)** filed by Weeks Marine, Inc. are **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion to Exclude Expert (Rec. Doc. 172)** filed by the Verdin Plaintiffs is **GRANTED** subject to Marquette submitting a new report as explained above.

January 19, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] Obviously, Marquette is free to use any statements that Verdin made to Dr. Dilks for impeachment purposes when Verdin testifies.