UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARQUETTE TRANSPORTATION                    CIVIL ACTION
COMPANY GULF-ISLAND, LLC

VERSUS                                       NO:    13-6216

CHEMBULK WESTPORT M/V, ET AL.                SECTION: "A" (4)

ORDER

Before the Court is Marquette Transportation Company Gulf Island, LLC's ("Marquette") **Motion to Compel Discovery Responses (R. Doc. 151)**, seeking an Order from the Court to compel Defendant, Mi-Das Line S.A. ("Mi-Das"), to response fully to its Interrogatories and Request for Production. The motion is opposed. *See* R. Doc. 157.

I.   Background

This action arises out of the capsizing of Marquette's vessel, the M/V KRISTEN ALEXIS. R. Doc. 1, at 3. Marquette alleges that on or about October 22, 2013, the KRISTEN ALEXIS was moored in the New Orleans harbor when Mi-Das' vessel, the M/V CHEMBULK WESTPORT was operating at high speeds in the harbor causing the KRISTEN ALEXIS to flood and capsize. *Id*. at 2-3.

Marquette filed this action on October 22, 2013, alleging that the damages it sustained from the capsizing of the KRISTEN ALEXIS are estimated at $1,200,000. In Mi-Das' answer to the complaint, it asserted a third party action against Weeks Marine and its vessel the M/V CAPTAIN PETE. R. Doc. 11. Mi-Das alleges that it is not responsible for the capsizing of the KRISTEN ALEXIS, but rather, Weeks Marine is responsible. *Id*. at 5-6. Mi-Das alleges that the CAPTAIN PETE was operating in close proximity to the KRISTEN ALEXIS immediately before it was capsized. *Id*.  Mi-Das seeks indemnity from Weeks Marine in the event that it is

held liable to Marquette, and in the alternative, alleges that the CAPTAIN PETE was a superseding cause and is also liable. *Id*. at 7.

As to the instant motion, Plaintiff seeks an Order from the Court to compel Mi-Das to provide responses to its Second Set of Interrogatories and Requests for Production of Documents. *See* R. Doc. 151-2. Plaintiff contends that on August 3, 2015, it propounded its requests upon Defendants, which were subsequently due on September 3, 2015. R. Doc. 151-1, p. 2. Plaintiff argues that, as of the filing of its motion, Defendant had not responded to the requests. *Id.* Plaintiff attaches a chain of email to their motion, in which Defendant states that it would respond to the requests by September 18, 2015. *See* R. Doc. 151-3, p. 2.

In opposition, Defendant contends that they had difficulty compiling their responses, but nonetheless provided responses to the outstanding discovery on Tuesday, October 6, 2015. R. Doc. 157, p. 2. Defendant state that since providing responses and filing their opposition to the instant motion, Plaintiff has not alerted them to any discovery deficiencies. *Id.* Thus, Defendants argue that Plaintiff's instant motion is now moot. *Id.*

Plaintiff later submitted a Reply Memorandum in Support of Motion to Compel Discovery Responses and Unopposed Request for Continuance of Submission Date (R. Doc. 165), where in a footnote Plaintiff notes that Defendant's responses to Requests for Production Nos. 2, 7, 8, 9, and 10 are deficient. R. Doc. 165, p. 1.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

...
...

evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, it is well established that the scope of discovery is within the sound discretion of the trial court. *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300 (5th Cir. 1973).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information ... stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at 34(b)(1)(A). "The party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at 34(b)(2)(A). "For each item or category, the response must either state that inspection ... will be permitted as requested or state an objection to the request, including the reasons." *Id.* at 34(b)(2)(B). Although Rule 34 does not provide that untimely objections are waived, the Fifth

Circuit has found that the waiver provision applies equally to Rule 34.  *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

**III.    Analysis**

    **A.    Request No. 2**

Request No. 2 seeks all emails to and from Defendant and the vessel from October 22, 2013, to November 4, 2013. R. Doc. 151-2. Defendant objects to the request and argues that it is overly broad and unduly burdensome. R. Doc. 157-1, p. 10. During oral argument, counsel for Plaintiff stated that it is seeking all emails that were generated during this period. Plaintiff's counsel stated that once it receives the emails, it will review them and determine which reference the vessel's VDR.

After listening to counsel's argument, the Court held that Plaintiff's counsel will only be allowed to examine any email in its native format that reference the VDR during the time period. Accordingly, Defendant's counsel is compelled to produce emails to and from Defendant and the vessel from October 22, 2013, to November 4, 2013, that reference the VDR data.

    **B.    Request No. 7**

Request No. 7 seeks the original file, whether on a flash drive, CD, or other electronic storage drive, of any electronic information that was downloaded from the vessel's VDR after the accident. R. Doc. 151-2, p. 6. Defendant objects to the request because it seeks counsel's personal flash-drive. Defendant also states that any data downloaded after the accident has already been produced and inspected by Plaintiff's VDR technician. R. Doc. 157-1, p. 11.

During oral argument, Defendant's counsel stated that he copied the VDR data onto his personal flash drive and then made copies of the VDR data and provided it to Plaintiff's counsel.

4

Defendant's counsel represented to the Court that he should not be required to produce his flash drive because it contains files for other cases.

When advised by the Court, Defendant's counsel agreed to supplement his response to certify that the copies he provided to Plaintiff's counsel contains the same data as the original file. Plaintiff's request to compel therefore is granted to the extent that Defendant's counsel is required to supplement its response to state that files provided to Plaintiff's counsel contains the same data as the original files.

### C.      Request Nos. 8, 9, 10

Request No. 8 seeks all documents that refer to the vessel's VDR following the subject accident. R. Doc. 151-2, p. 6. Request No. 9 seeks all correspondence, including emails, to and from the vessel from September 22, 2013, to November 22, 2013, concerning the VDR that pertains to its performance, complaints, maintenance, and repairs. Request No. 10 seeks all correspondence, including emails, from September 22, 2013, to November 22, 2013, to and from the vessel's owners and managers that pertains to the VDR's performance, complaints, maintenance, and repairs.

Defendant objects to the requests as overly broad and irrelevant. Defendant notes that the documents already have been produced during Defendant's corporate deposition and through previous discovery requests. R. Doc. 157-1, p. 12.

During oral argument, Defendant's counsel stated that he has provided Plaintiff's counsel with all documents that corresponds to Plaintiff's requests. Plaintiff's counsel stated that he was dissatisfied with the number of emails that he received and suspects that there are additional emails that Defendant's counsel has not produced. Plaintiff's counsel stated that the purpose of the request is to determine whether there were mechanical issues with the VDR. Plaintiff's

counsel further stated that the emails that he has thus far establishes that there were no mechanical issues with the VDR.

After listening to the parties' arguments, the Court denied Plaintiff's request regarding Request for Production Nos. 8, 9, 10. The Court reasoned that Plaintiff's counsel failed to present evidence that Defendant's counsel withheld documents that corresponds to its discovery requests. The Court further reasoned that Plaintiff already has the information that it seeks since it has documents that establish that there were no mechanical issues with the VDR. Accordingly, the Plaintiff's request as to Request for Production Nos. 8, 9, 10 is denied.

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Marquette Transportation Company Gulf Island LLC's **Motion to Compel Discovery Responses (R. Doc. 151)** is **GRANTED** in part and **DENIED** in part.

**IT IS GRANTED** as to Request No. 2. Defendant is compelled to produce emails to and from Defendant and the vessel from October 22, 2013, to November 4, 2013, that reference the vessel's VDR data.

**IT IS FURTHER GRANTED** as to Request No. 7 to the extent that Defendant's counsel is required to supplement its response to state that files provided to Plaintiff's counsel contains the same data as the original files.

**IT IS DENIED** as to Request for Production Nos. 8, 9, 10.

New Orleans, Louisiana, this 29th day of January 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

6