MINUTE ENTRY
ROBY, M.J.
March 9, 2016

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| MARQUETTE TRANSPORTATION COMPANY GULF ISLAND, LLC | CIVIL ACTION |
|---|---|
| VERSUS | NO: 13-6216 c/w 14-2071 |
| CHEMBULK WESTPORT M/V, ET AL | SECTION: "A" (4) |

LAW CLERK:                                 Justin Jack
COURT REPORTER/RECORDER:    Lanie Smith

### ORDER

Before the Court is **Motion for Sanctions Pursuant to FRCP 37(c)(1) (R. Doc. 222)**, filed by Marquette Transportation Company Gulf-Island, the Plaintiff, seeking an Order from the Court to impose sanctions upon Mi-Das for its failure to disclose and/or supplement information as required by FRCP 26(a) and 26(e). R. Doc. 222. The motion is opposed. R. Doc. 227. The motion was heard by oral argument on March 9, 2016.

### I.    Background

This action arises out of the capsizing of Marquette's vessel, the M/V KRISTEN ALEXIS. R. Doc. 1, at 3. Marquette alleges that on or about October 22, 2013, the KRISTEN ALEXIS was moored in the New Orleans harbor when Mi-Das' vessel, the M/V CHEMBULK WESTPORT was operating at high speeds in the harbor causing the KRISTEN ALEXIS to flood and capsize. *Id.* at 2-3.

MJSTAR: 00:17

Marquette filed this action on October 22, 2013, alleging that the damages it sustained from the capsizing of the KRISTEN ALEXIS are estimated at $1,200,000. In Mi-Das' answer to the complaint, it asserted a third party action against Weeks Marine and its vessel the M/V CAPTAIN PETE. R. Doc. 11. Mi-Das alleges that it is not responsible for the capsizing of the KRISTEN ALEXIS, but rather Weeks Marine is responsible. *Id.* at 5-6. Mi-Das alleges that the CAPTAIN PETE was operating in close proximity to the KRISTEN ALEXIS immediately before it was capsized. *Id.* Mi-Das seeks indemnity from Weeks Marine in the event that it is held liable to Marquette, and in the alternative, alleges that the CAPTAIN PETE was a superseding cause and is also liable. *Id*. at 7.

As background to the instant motion, Marquette initially requested a copy of Chembulk's VDR data on May 14, 2014 and Mi-Das provided its Rule 26(a)(1) initial disclosures on June 2, 2014, that included an incomplete copy of the data on a thumb drive. R. Doc. 222-1, p. 3. The incomplete data did not contain neither audio data from 0800 to 1630 hours nor radar data from 1630 to 2100 hours. R. Doc. 222-1, p. 3. On February 13, 2015, Marquette propounded its First Set of Interrogatories and Request for Production upon Mi-Das and Mi-Das responded on April 17, 2015, to which Mi-Das directed Marquette to the incomplete VDR data that Mi-Das previously produced in its initial disclosures. *Id.* at 3.

In an effort to investigate the cause of the missing VDR data, Marquette contracted with Mackay Communication, a VDR technician company. *Id.* at 5. A representative from Mackay Communication performed a diagnosis test of the VDR but Mi-Das refused to allow him to preform a twelve-hour download of the vessel's VDR data. *Id.* at 5. The Court later ordered the download. R. Doc. 80. Marquette contends that Mackay Communication's representative later opined that the missing data was deleted intentionally. R. Doc. 222-1, p. 6.

Marquette later took Mi-Das's corporate deposition in which the deponent, Captain Myat Thu, testified that he was given a DVD/CD-ROM containing the full download of the VDR data from the vessel's master. Thu testified that he believed that Dutta had taken the disc with him to Singapore. After the deposition and in response to another set of request for production, Mi-Das stated that it was unable to locate the disc after a diligent search.

Marquette then served a subpoena upon Captain Thu for the disc. Thereafter, Marquette's counsel received a call from Mi-Das's counsel that the disc had been located by Thu in his Houston-based office. Mi-Das produced the disc to Marquette on December 4, 2015.

Marquette now contends that it is entitled pursuant FRCP 37(c) to reasonable expenses caused by Mi-Das' failure to disclose and/or supplement its discovery responses as required by FRCP 26(a) and 26(e) and for attorneys' fees and expenses it incurred to contract with Mackay Communications to inspect Chembulk Westport's VDR data. R. Doc. 222-1, p. 13.

In opposition, Mi-Das also cites FRCP 37(c) and argues that it only applies when there is a complete failure to produce or disclose evidence and does not apply when there is simply a delay in production. R. Doc. 227, p. 2. Further, Mi-Das states that any delay in its production of a full copy of the VDR data was substantially justified. *Id.* Mi-Das acknowledged that its initial disclosure excluded a portion of the VDR's audio files.

Mi-Das notes that its produced Captain Thu as its 30(b)(6) representative and that he testified that he recalled giving a disc that contained VDR data to Captain Dutta but that he believed that Dutta had taken the disc with him to Singapore. Thereafter in November, Thu discovered the disc that contained the original VDR download in his Houston office and he promptly mailed the disc to Mi-Das' counsel who then forwarded the disc to Marquette's counsel on December 4, 2015. *Id.* at 6.

3

## II.  Standard of Review

Marquette Transportation incorrectly cites FRCP 37(c) as the standard of review. Since the matter involves VDR data, which is electronically stored information ("ESI"), FRCP 37(e) applies.

As amended on December 1, 2015, Federal Rule of Civil Procedure 37(e) provides that if electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it <u>cannot</u> be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (a) presume that the lost information was unfavorable to the party; (b) instruct the jury that it may or must presume the information was unfavorable to the party; or (c) dismiss the action or enter a default judgment.

## III.  Analysis

Marquette seeks sanctions because Mi-Das failed to indicate that the VDR data it produced was incomplete when it initially produced its initial disclosures and because Mi-Das did not produced a full copy of the data until Marquette subpoenaed Thu, a third-party. Marquette contends that if Mi-Das has made a reasonable inquiry into the location of the disc that contained a full copy of the VDR data that Marquette would have avoided the burden and expense of extensive written discovery requests and motion practice. *Id.* at 13.

Mi-Das contends that the motion should be denied because FRCP 37(c) does not apply to a delay in production. *Id.* at 8. Further, Mi-Das argue that the delay in production was harmless because: (1) other evidence established the vessel's speed and position during relevant times; (2) Mi-Dias does not seek to exclude the evidence; (3) potential prejudice was cured by producing the

missing VDR bridge audio four months in advance of trial; and (4) Mi-Das acted in a diligent matter to recover the missing data. *Id.* at 11.

Although not cited by Marquette, FRCP 37(e), which applies to electronically stored information, requires a two-step test to determine if sanctions are appropriate: (1) whether the electronically stored information was lost because a party failed to take reasonable steps to preserve it, **and** (2) the lost electronically stored information **cannot** be restored or replaced through additional discovery.

Marquette does not contend that the electronically stored information, the VDR data, was not produced to it on a disc. Marquette's only contention is that Mi-Das did not take reasonable steps to find the disc resulting in additional expenses in the form of the retention of an expert which cost them $13,576.55. *See* R. Doc. 222-1, p. 11. However, such a contention is insufficient to impose sanctions under FRCP 37(e) because the full data contained on the VDR was discovered and produced. Accordingly, it is ordered that the motion for sanctions is denied under FRCP 37(e) for reasons stated.

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that Marquette Transportation Company Gulf-Island's **Motion for Sanctions Pursuant to FRCP 37 (c) (R. Doc. 222)** is **DENIED**.

New Orleans, Louisiana, this 11th day of March 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**