UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:  13-6216** |
| | **c/w  14-2071** |
| **M/V CHEMBULK WESTPORT, ET AL** | **SECTION: "A" (4)** |

**ORDER**

Before the Court is Defendant Mi-Das Line S.A's ("Mi-Das") **Motion for Protective Order to Quash Subpoena (R. Doc. 344)** seeking a protective order in connection with a subpoena *duces tecum* served on one of Mi-Das's experts, Norman Dufour, Jr. ("Dufour"), by Plaintiff Marquette Transportation Company Gulf-Inland, LLC ("Marquette"). The motion is opposed. R. Doc. 347. The motion was submitted on October 26, 2016. For the following reasons, the motion is **GRANTED.**

**I.     Background**

This admiralty and maritime claim was filed in the District Court on October 22, 2013 by Marqutee Transportation Company Gulf-Inland, LLC ("Marquette") against M/V CHEMBULK WESTPORT ('M/V CHEMBULK"), *in rem*, Mi-Das, M.T.M Ship Mangement Pte. Ltd., and Chembulk Management LLC. R. Doc. 1. Marquette alleges that on October 22, 2013 the M/V CHEMBULK was navigating downbound the Mississippi River when it closely passed the moored T/B KRISTEN ALEXIS at a high speed. *Id.* at 2-3. The M/V CHEMBULK's wake flooded the KRISTEN ALEXIS and caused her to capsize. *Id.* Mi-Das has filed a third-party complaint against the M/V CAPTAIN PETE, alleging that its actions were the cause of the KRISTEN ALEXIS'S capsizing. R. Doc. 11. Water Quality Insurance Syndicate has also filed a complaint in intervention as Marquette's insurer and against the Defendants. R. Doc. 34. Finally, this case was consolidated

1

with *In re Marquette Transportation Co. Gulf-Inland, LLC*, No. 14-2071 (E.D. La.), in which Marquette filed its complaint-in-intervention. R. Doc. 31; 36.

On August 25, 2016, the District Judge continued the date for the pretrial conference to March 23, 2017 and the trial to April 17, 2017. R. Doc. 340. In that order, the District Judge explicitly did not extend any other deadlines, including the February 26, 2016 discovery deadline.

On October 18, 2016, Marquette issued a subpoena *duces tecum* to Dufour seeking a copy of his entire file concerning the vessel KRISTEN ALEXIS. R. Doc. 344-4. Dufour is to respond to the subpoena by November 2, 2016. *Id.* In response, Mi-Das has filed the instant motion as well as a motion to expedite (R. Doc. 345). The Court granted the motion to expedite. R. Doc. 346.

In the instant motion, Mi-Das argues that the subpoena should be quashed primarily because it is untimely and violates the District Court's scheduling order. R. Doc. 344-1, p. 4-6. Moreover, Mi-Das challenges the scope of the subpoena, arguing that it seeks trial-preparation material that is protected from disclosure. *Id.* at p. 6-7. As an alternative to quashing the subpoena, Mi-Das argues that the subpoena should be modified to exclude privileged or protected information. *Id.* at p. 8.

In response, Marquette argues that its subpoena is proper in that it only seeks information that should have been contained in Dufour's expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), namely the "facts or data considered by the witness in forming" his opinion. R. Doc. 347, p. 2. Marquette argues that if they do not secure this information they will be forced to file a motion to exclude the report. *Id.* at p. 3. Marquette has also offered to narrow the scope of the subpoena to this specific information. *Id.* Finally, Marquette states that they are in the process of filing a motion to extend the discovery deadline for the limited purpose of

conducting discovery into damages and that no party will be prejudiced by the subpoena given that the current trial date is set for April 16, 2017. *Id.*

## II.     Standard of Review

Federal Rule of Civil Procedure 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir.2003). Moreover, "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* at 5353 (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)); *see also Jackson v. Wilson Welding Servs., Inc.*, No. 10-2843, 2012 WL 14265 (E.D. La. Jan. 4, 2012).

## III.    Analysis

Mi-Das has filed a motion for protective order seeking an order from the Court to quash the subpoena issued to its expert Dufour by Marquette. R. Doc. 344. As an initial matter, the Court notes that the District Court set the discovery deadline on February 26, 2016. R. Doc. 160. Nonetheless, the subject subpoena was issued on October 18, 2016. R. Doc. 344-4. Accordingly, Mi-Das challenges the subpoena primarily on the grounds that the subpoena is untimely and in violation of the District Court's scheduling order. R. Doc. 344-1, p. 4. In response, Marquette only rebuts that the information should have been disclosed at an earlier time-period, that it is in the process of filing a motion to extend discovery, and that no party would be prejudiced by limited

discovery. R. Doc. 347. Notably, Marquette does not challenge the claim that the subpoena is untimely.

Therefore, the Court agrees that the subpoena is untimely and will grant the motion for protective order. First, while the trial date has been continued, the District Court set a discovery deadline for February 26, 2016 and has twice stated that it was not extending that deadline. R. Doc. 286; R. Doc. 340. As such, the subpoena is technically untimely and in violation of the Court's scheduling orders. *Fairley v. Wal-Mart Stores, Inc.* No. 14-0462, 2016 WL 2992534, at *1 (E.D. La. May 24, 2016) ("It is axiomatic that to complete discovery means that all disputes relative to discovery. . .must be filed and resolved prior to that date.").[1]

Second, Marquette has failed to provide evidence that it could have not have reasonably met the deadlines set by the Court. *See S & W Enterprises, L.L.C.*, 315 F.3d at 535. Marquette argues that the expert report is deficient because it does not contain the facts or data considered by Dufour in making his report, particularly information related to similar vessels used in determining the fair market value of the KRISTEN ALEXIS. R. Doc. 347, p. 2. However, Marquette appears to have had a copy of the allegedly deficient expert report since the expert report deadline of September 21, 2015. *Id.* at p. 3. As such, Marquette has had a copy of the report at least since September 2015, almost five months before the discovery deadline in February 2016. R. Doc. 344-1, p. 2; R. Doc. 347, p. 3. Moreover, in August 2015 and January 2016, Mi-Das designated Dufour as a potential witness who would testify at trial. R. Doc. 115, p. 2; R. Doc. 189, p. 2. Therefore, Marquette has not met Rule 16(b)(4)'s good cause standard which "require[s] the movant to show that the deadlines cannot reasonably be met despite the diligence of the party needing the

---

[1] The Court also notes that Marquette has already been found in violation of the discovery deadline in this matter. R. Doc. 262.

extension." *Puig v. Citibank, N.A.*, 514 F. App'x 483, 487-88 (5th Cir. 2013). As such, the Court will grant the protective order and quash the subpoena.

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that Defendant Mi-Das Line S.A's **Motion for Protective Order to Quash Subpoena (R. Doc. 344)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Marquette Transportation Company Gulf-Inland, LLC's subpoena issued to Norman J. Dufour, Jr. is **QUASHED.**

New Orleans, Louisiana, this 28th day of October 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**